October 14, 1983.

Record No. 822115.

Present: All the Justices.

*Robert I. Asbury* for appellant.
No brief or argument for appellee.

COMPTON, J., delivered the opinion of the Court.

Following a motor vehicle accident, Earl Jackson Thomas was charged with driving under the influence of alcohol and with driving a motor vehicle after his operator's license had been revoked. In a jury trial, defendant was convicted of both offenses. He was sentenced on each charge to six months in jail and fined $200. On

appeal, he contends the evidence was insufficient to convict him of either offense and that the trial court erroneously admitted the results of the analysis of his breath as evidence in the drunk driving case.

The only testimony came from the investigating police officer, Sergeant Charles Overbay of the Town of Marion Police Department. He testified he received a call on May 8, 1981 that an accident had occurred within the corporate limits of the town. In response to the question, "[a]nd what time of day or night was it," Overbay testified, "[t]his was approximately three p.m." Upon arrival at the scene within 20 minutes of the call, Overbay found two damaged motor vehicles and determined that the defendant, who was not at the scene, had been the driver of one of them.

Overbay proceeded to a local hospital and interviewed defendant, who was being treated for a head injury. The interrogation took place about 4:35 p.m. Thomas was lying on a bed, and Overbay said the suspect had a strong odor of alcohol about his person, his speech was slurred, and his face was flushed. Defendant admitted consuming two beers and a shot of whiskey between 10:30 a.m. and noon on that day.

The officer said he placed defendant under arrest without a warrant at the hospital. Overbay then advised defendant of the requirements of the "implied consent" law.

Thomas was released from the hospital about 5:50 p.m. The officer walked from the hospital with the accused and noticed defendant was unsteady on his feet. An arrest warrant was issued and served on the accused at 6:15 p.m. He subsequently submitted to an analysis of his breath. Over defendant's objection, a certificate of breath alcohol analysis was received in evidence showing defendant's blood alcohol content to be .17 percent by weight by volume.

Virginia's "implied consent" law provides, as pertinent here, that any person who operates a motor vehicle upon a public highway in the Commonwealth shall be deemed, as a condition of such operation, to have consented to have a sample of his breath taken for a chemical test to determine the alcoholic content of his blood, if such person is arrested for violation of the drunk driving statute "within two hours of the alleged offense." Code § 18.2-268(b). The statute further provides that any person so arrested must choose to submit to either a breath or blood test. *Id.*

On appeal, defendant asserts the evidence fails to show when the accident occurred, and thus, there is no proof that he was arrested for driving under the influence within two hours of the offense. He also contends that even if the evidence is sufficient to show the accident occurred at 3:00 p.m., the warrantless arrest at 4:35 p.m. was invalid, thus making the valid arrest at 6:15 p.m. untimely under the "implied consent" law. Consequently, he says, the trial court erred in admitting into evidence the certificate of breath analysis because his consent to the test was invalid.

There is no merit to defendant's contention that the evidence fails to prove the time of the accident. After testifying about the location of the accident, the officer said, "[t]his was approximately three p.m." A reasonable inference from that statement is that the accident took place about 3:00 p.m. Indeed, defense counsel stated to the court at trial, "[t]he officer has testified the accident occurred at three p.m."

But we agree with defendant that the warrantless arrest in the hospital at 4:35 p.m. was invalid. The officer had no authority without a warrant to arrest the accused except at the scene of the motor vehicle accident for this misdemeanor committed not in his presence. Code § 19.2-81. *See* Code § 19.2-18. We reject the argument made by the Town Attorney in his brief in opposition to this appeal supporting the validity of the arrest. He contended "that there was an ongoing investigation of a motor vehicle accident and that the interview of the defendant at the . . . Hospital [was] nothing more than an extension of the accident scene."

Consequently, the evidence shows the accident happened and the offense occurred just before 3:00 p.m., but the accused was not properly arrested until 6:15 p.m. Since the arrest was untimely, the defendant is not deemed to have consented to the testing of his breath under the "implied consent" law. Moreover, defendant's actual consent in this case was invalid because it was based upon a belief, generated by the officer's recitation of the law, that he was bound to submit to a test. Hence, receipt of the certificate in evidence was improper.

Because it is probable the jury attached great weight to the incriminating information in the certificate, admission of the exhibit was reversible error. Therefore, we do not reach the question whether the other evidence of intoxication, standing alone, is sufficient to sustain the drunk driving conviction.

■ Finally, as to the conviction for driving on a revoked license, we dismiss out of hand defendant's contention that the evidence fails to show he was operating a vehicle within the town. Manifestly, the proof of those facts was sufficient.

For these reasons, the conviction for driving under the influence of alcohol will be reversed due to the evidentiary error and that case will be remanded for a new trial, if the prosecutor be so advised. The other conviction will be affirmed.

*Affirmed in part,*
*reversed in part,*
*and remanded.*