## CIRCUIT COURT OF CAMPBELL COUNTY

Commonwealth of Virginia

    v.

Jay Randell Davis

December 3, 1984

### By JUDGE J. SAMUEL JOHNSTON, JR.

I submit this letter as my opinion regarding the motion to suppress previously filed in the above-styled case. I have reviewed the submitted memoranda, studied the cited cases, completed my own research and considered the testimony adduced at our hearing on October 26, 1984. While there is no case directly on point with ours, a study of the relevant cases and the legislation regarding driving under the influence (d.u.i.) mandates that the defendant's motion to suppress be granted.

I have no problem with the reliability of the test as Mr. W. L. Spittler cogently explained the inner workings of Alco-Sensor and its many protections against error. The standards enumerated in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923), have clearly been met. While Mr. Spittler admittedly works for the manufacturer of the Alco-Sensor and has a financial interest in the sale of the Alco-Sensor, I believe that his testimony was without taint, and he testified disinterestedly and factually.

My decision to suppress the Alco-Sensor test results is based on a study of the d.u.i. statutes and the attendant case decisions. The Commonwealth points out that this is a manslaughter case and not a d.u.i. case. While this is true, it must be noted that the initial charge was d.u.i., and the only way to obtain this evidence was to investigate a suspected violation of § 18.2-266 of the Code of Virginia, to-wit, the d.u.i. statute. In the extant case the d.u.i. charge was nolle prosequied

after the Alco-Sensor test was administered and after the defendant had refused the blood or breath tests.

The General Assembly as set forth in § 18.2-268 of the Code a detailed methodology regarding the garnering and testing of blood and breath samples. While the statute is explicit and detailed, § 18.2-268(s) states that these "steps" are procedural and not substantive and one need only to substantially comply with the dictates of Section 18.2-268. However, the Supreme Court in two recent decisions has thrown out the breath test results apparently requiring strict compliance with the procedures set forth in § 18.2-268. (Cf. *Brooks v. City of Newport News*, 224 Va. 311 (1982), and *Thomas v. Town of Marion*, 226 Va. 251 (1983)).

The extant breath sample was, of course, obtained pursuant to § 18.2-267 of the Code. That section allows, among other things, for any law enforcement officer to analyze the breath sample obtained. This statute was implemented when the only field breath testing equipment available to law enforcement officers was the "Alcolyser" or "balloon" test. The analysis spoken of consisted of the officer visually examining crystals to determine if the change in color of the crystals was sufficient to determine the "probable alcoholic content" of the suspect's blood. If the visual analysis indicated the presence of alcohol in the blood, the officer was permitted to charge the individual with d.u.i., and then the provisions of § 18.2-268 were activated. The results of the preliminary breath test were not admissible in any prosecution of d.u.i. The types of equipment and method used to analyze such a breath sample was to be determined by The Department of General Services, Division of Consolidated Laboratory Services (D.C.L.S.) and this agency was directed to advise law enforcement agencies of the same. The stated purpose of § 18.2-267 contained in subsection (e) was to allow "a preliminary analysis of the alcoholic content of the blood of a person suspected of having violated the provisions of § 18.2-266." The equipment used in the instant case is in no way comparable to the balloon test. The Alco-Sensor is a highly sophisticated, intricate, apparently foolproof machine which is certainly as reliable as the breath test equipment referred to in § 18.2-268(rl). Thus, while the equipment and testing procedures have made great strides and are no longer antiquated and are now extremely accurate, the

statute has remained constant. The position espoused by the Commonwealth is that since there is no bar to admission into evidence in any proceeding, save one under Section 18.2-266, it should be admissible in a felony prosecution for manslaughter. Surely, the Commonwealth would not seek to introduce the results of a balloon test even were it shown to possess the accuracy of the Alco-Sensor test. The test here is not one of accuracy, even though that is a necessary requirement for admission, but one of legislative intent.

As stated hereinbefore, the General Assembly has set forth detailed procedures for the obtaining and testing of blood and breath samples, the main purpose being to accurately determine the alcoholic content of a person's blood. There is little or no room for alteration or adulteration of the blood or breath sample or for falsification of the results. Until July 1, 1984, no officer who made an arrest for d.u.i., no one with an officer at the time of an arrest for d.u.i. and no one who participated in an arrest for d.u.i., could give or analyze a breath test. While these restrictions were removed by legislation, in 1984, amending § 18.2-268(r1), the results still must be memorialized by certificate by a person duly qualified by this section to conduct such a test or a breathalyzer which has been tested for accuracy within the past six months and found to be accurate and the certificate must state that the test was conducted according to the manufacturer's specifications. No safeguards or requirements accompany the preliminary breath test. The General Assembly has never allowed law enforcement officials to garner scientific evidence, analyze that evidence and report the results absent procedural and substantive safeguards such as those contained in § 18.2-268. There is no indication that the investigating officer erred in administering the preliminary test or spoke anything but the truth, yet there is no evidence, other than the officer's testimony, of the results of the test. There is no question in my mind that the General Assembly never intended for this to be the result of § 18.2-267.

It is my opinion that the test result sought to be admitted into evidence by the Commonwealth is, in fact, an attempt to admit substantive evidence statutorily proscribed unless obtained in conformity with § 18.2-268. The clear intent of § 18.2-267 is to allow only a preliminary analysis of a suspect's blood and is barred from

introduction into evidence absent legislative permission. The Commonwealth obtained the evidence pursuant to a d.u.i. charge, dropped the d.u.i charge and seeks admission in a felony proceeding. It flies in the face of logic to state that this test is admissible if death occurs but not admissible if a horrible injury occurs.

The recent opinion of the Attorney General of the Commonwealth of Virginia which arguably supports the position of the Commonwealth was rendered in a civil proceeding and is nothing more than advisory. Further, the opinion indicates the evidence was to be offered as a rebuttal to a defendant's argument as to why his refusal to take a breath or blood test was reasonable. The instant test results might very well become admissible as rebuttal evidence in accordance with the holding of the Supreme Court in *Simon v. Commonwealth*, 220 Va. 412 (1979). The Commonwealth has cited no criminal case, nor can I find any, wherein the preliminary breath test results have been admitted into evidence. In fact, Mr. Spittler, the Commonwealth's chief witness, stated that the Alco-Sensor is "not evidential in Virginia and we have not attempted to make it evidential." He did testify that the D.C.L.S. was studying the Alco-Sensor III with the hope that it will approve this type of equipment for a breath analysis pursuant to § 18.2-268. If I allowed the admission of the preliminary breath test, I would be violating what I perceived to be a clear legislative mandate against admission and further usurping a function assigned to the D.C.L.S. by § 18.2-268.

In accordance with what I have set forth in this letter opinion, I am entering an order of record today sustaining the defendant's motion to suppress the results of the preliminary breath test and incorporating this opinion by reference in that order.