### Norfolk

EDSEL DIXON DURANT, JR.

v.

CITY OF SUFFOLK

No. 0101-86

Decided July 21, 1987

COUNSEL

Thomas L. Woodward, Jr., for appellant.

Inga A. Francis, Assistant Commonwealth Attorney, for appellee.

OPINION

**BAKER, J.** — Edsel Dixon Durant, Jr. (appellant) appeals from his bench trial conviction in the Circuit Court of the City of Suffolk (trial court) for driving under the influence of alcohol. Appellant argues that because he was arrested for a misdemeanor which occurred outside the arresting officer's presence, his warrantless arrest was unlawful and as a consequence, the result of the breathalyzer test was inadmissible. We agree and reverse.

The undisputed facts are that on June 7, 1985, at approximately 10:26 p.m., Suffolk Chief of Police Gilbert Jackson was driving his personal car on Route 17 in the City of Suffolk. He observed appellant driving a green 1971 Ford northbound along that route and swerving all over the road. Except for a short period when another vehicle intervened, appellant was continuously in Chief Jackson's view as he followed him for five or six miles into Isle of Wight County. Chief Jackson never indicated to appellant that he was a police officer in pursuit of him or that he intended to stop or arrest him. Because the chief's car had no red

light or siren with which to stop appellant, the chief called on his mobile radio for assistance from the nearest unit.

Officer F. A. Bradshaw responded to the call by driving north to Route 17, and stopped appellant after locating him approximately two miles into Isle of Wight County. Officer Bradshaw testified that appellant had a strong odor of alcohol about his person, that his speech was "confused," and that "his balance and walking ability was somewhat vague." Appellant disclaimed any medical problem and acknowledged that he had consumed "one or two beers." At 10:45 p.m., Officer Bradshaw advised appellant of his *Miranda* rights; he also advised appellant of the terms of the implied consent law which he read from a card. The pertinent part of the advice read as follows: "I am charging you with driving while intoxicated. . . ." In the custody of Officer Bradshaw, appellant was taken from the arrest site in Isle of Wight County to Suffolk police headquarters where a breathalyzer test was administered at approximately 11:30 p.m.; a .12 reading was obtained.

Officer Bradshaw did not observe appellant drive or commit an offense in the City of Suffolk. At the time of the arrest, Officer Bradshaw knew only what he had been told by Chief Jackson's radio alert. As previously noted, Officer Bradshaw made the arrest in Isle of Wight County at a point two miles from the Suffolk border. From there Officer Bradshaw transported appellant to the Suffolk police headquarters where, on Officer Bradshaw's sworn statement, an arrest warrant was issued charging appellant with driving under the influence of alcohol in the City of Suffolk. In a bench trial, the breathalyzer test result was admitted over appellant's objection, and appellant was convicted of driving under the influence of alcohol.

It is settled that unless the arrest is one within the various statutory exceptions to the general rule, a police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence. *See* Code § 19.2-81. "An offense is committed within the presence of an officer, within the meaning of this rule, when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed." *Galliher v. Commonwealth*, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933). If he has information that a misdemeanor has been committed, but not in his presence, he must

obtain a warrant and make the arrest pursuant to that warrant. *See* 5 Am. Jur. 2d *Arrest* § 30 (1962 and Supp. 1986). Except in those instances specified in Code § 19.2-81, a legal warrantless arrest cannot be effectuated based upon the officer having information from others which leads him to believe an offense is being committed in his presence. The facts constituting probable cause to arrest for an offense committed in his presence must have been obtained by the officer through his own personal senses.

When appellant was arrested by Officer Bradshaw for the misdemeanor offense of driving in the City of Suffolk while intoxicated, Bradshaw had not observed appellant driving in Suffolk. Thus, no misdemeanor was committed in Suffolk in Bradshaw's presence. Moreover, Bradshaw's only source of knowledge that appellant drove in that city was Chief Jackson's radio call for assistance. Neither the common law nor the Code authorizes a warrantless arrest under these circumstances. *See Galliher*, 161 Va. at 1021, 170 S.E. at 736; Code § 19.2-81. Appellant's warrantless arrest was therefore unlawful. *Thomas v. Town of Marion*, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983); Code § 19.2-81.

■ Virginia's "implied consent" law, Code § 18.2-268, provides, in pertinent part as follows:

Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a public highway in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have a sample of his blood or breath taken for a chemical test to determine the alcoholic content of his blood, if such person is arrested for violation of § 18.2-266 or of a similar ordinance of any county, city or town within two hours of the alleged offense. Any person so arrested shall elect to have either the blood or breath sample taken, but not both.

■ The results of a blood or breath test provided by Code § 18.2-268 are admissible against the accused in a trial for driving under the influence of alcohol so long as the accused has first been validly arrested. *Thomas*, 226 Va. at 254, 308 S.E.2d at 122. In *Thomas*, the defendant was not lawfully arrested within two hours of the offense.

Since the arrest was untimely, the defendant is not deemed to have consented to the testing of his breath under the "implied consent" law. Moreover, defendant's actual consent in this case was invalid because it was based upon a belief, generated by the officer's recitation of the law, that he was bound to submit to a test. Hence, receipt of the certificate in evidence was improper.

*Id.* at 254, 308 S.E.2d at 122.[1]

Here, appellant's warrantless arrest was unlawful. Not having been validly arrested, he was not bound under the statute to submit to a breathalyzer test. As in *Thomas*, his consent was therefore invalid. The result of the breathalyzer test administered to appellant should not have been admitted in evidence at his trial.[2]

We now consider whether the admission of the breathalyzer test result constituted harmless error. We are unable to say what effect the breathalyzer evidence had on the trial court's decision; therefore, we cannot find as a matter of law that the result would not have been different if such evidence had not been considered by the trial court. The error was not harmless beyond a reasonable doubt.

For the reasons stated, the judgment of the trial court is reversed and this cause remanded for such further proceedings as the Commonwealth may be advised.

*Reversed and remanded.*

Coleman, J., and Hodges, J., concurred.

---

[1] Amendments to the statute subsequent to *Thomas* do not affect that opinion's applicability to this case.

[2] We have held that appellant's warrantless arrest was unlawful because he was arrested for an alleged misdemeanor which occurred outside the arresting officer's presence. On the face of this record there appears to be an issue not raised in the trial court or presented to this Court on appeal. Could Officer Bradshaw lawfully take appellant into physical custody at a point two miles inside Isle of Wight County, return him to the City of Suffolk, take him before a Suffolk magistrate and obtain a valid arrest warrant on a misdemeanor charge alleged to have occurred in Suffolk. As appellant did not raise that issue either in the trial court or before us, we decline to render judgment thereon in this opinion.