## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Phillips

September 17, 1987

Case No. F-9006

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on Defendant's Motion to Suppress certain evidence seized from the Defendant on November 26, 1986. The Commonwealth sought to justify the search and seizure on the basis that probable cause existed for the stop of the automobile in which Defendant was a passenger. For the following reasons, the Motion to Suppress must be granted.

Officer Maddox, responding to a radio broadcast about a "suspicious" car containing two black males believed to be smoking marijuana and throwing trash out, found the automobile identified in the radio broadcast and it began to drive off. He stopped the car and was seeking identification from the driver when Officer Uzzell arrived on the scene as back-up assistance. Officer Uzzell believed that since narcotics had been mentioned in the radio broadcast, the occupants might have been armed and dangerous and directed a pat-down search of all occupants including the Defendant, who was a passenger. Upon patting down the Defendant, he found a film canister which he removed from Defendant's pocket. When he asked what was in the canister, the Defendant replied "cooked cocaine."

Since the Court believes the initial stop to be invalid, there is no need to reach the issues raised by the pat-down search. Officer Maddox had radio information

from an undisclosed source. That information concerned two possible misdemeanors, namely, possession of marijuana (18.2-250.1) and littering (Code of Alexandria § 13-1-22). When he arrived on the scene, he did not personally observe any such activity. Thus, the original stop was for misdemeanor activity not committed in the presence of the officer. *See, Durant v. City of Suffolk,* 4 Va. App. 445, 4 V.L.R. 121 (1987).

While the Commonwealth does not seek to justify the search under *Terry v. Ohio,* 392 U.S. 1 (1968), it is important to note that this case does not come within the ambit of *Terry. Terry* and its progeny are based upon specific observations made by experience police officers giving rise to his reasonable conclusion in the light of his experience that "criminal activity is afoot." 392 U.S. at 30. Here Officer Maddox made no such personal observations but made the initial stop based on the information contained in the radio broadcast.

Under these circumstances, the stop could neither be justified on the basis of probable cause nor under the *Terry* doctrine. Therefore, Defendant's Motion to Suppress must be granted.