## CIRCUIT COURT OF MADISON COUNTY

Commonwealth of Virginia

v.

Donald Meade Davis

April 22, 1988

Case No. 12-1704

By JUDGE LLOYD C. SULLENBERGER

State Trooper Roger W. Knight, on December 5, 1987, was at the Madison sheriff's office when a call came in to the dispatcher. The caller, Steve Dodson, complained that Donald Meade Davis, whom the trooper knew, had just taken off "spinning" from Dodson's yard at Hampton Village; that Davis was driving a green step-side Chevrolet four-wheel drive pickup; that Dodson's child had been in the yard when the spinning took place; and that Davis was intoxicated.

Knight went from the sheriff's office along Route 231 to Route 673 to try to intercept Davis, based on the trooper's hunch as to the vehicle's probable direction of travel. Within five minutes after the call and just after Knight arrived at his lookout point, he saw the described vehicle and recognized it as one Davis drove.

The vehicle which Knight saw Davis was driving turned from Route 231 onto Route 673 and then turned into a private driveway. Knight observed its operation only a couple of hundred feet and saw nothing improper.

Defendant Davis asserts that Knight had no lawful basis to "seize" Davis and his vehicle by stopping it.

The court concludes that the stop was lawful and that information gained by the trooper at the stop, including--the court infers--his personal observation of defendant's condition, should not be suppressed.

The information received by the trooper from the citizen's complaint together with the officer's observation minutes later that the person named by the complainant was in fact operating the vehicle described created at least articulable and reasonable suspicion that the vehicle and driver were subject to seizure for violation of the law. *See Delaware v. Prouse*, 440 U.S. 648, 99 S. Ct. 1391, 1401 (1979); *Lowe v. Commonwealth*, 230 Va. 346, 349 (1985).

A *Terry* stop does not have to be solely on an officer's observations but may be in part on information furnished by another person. When a person seeks immediate police assistance and gives a description of the suspected criminal agent, "the subtleties of the hearsay rule should not thwart appropriate police response." *Simmons v. Commonwealth*, 217 Va. 552, 555 (1977), quoting from *Adams v. Williams*, 407 U.S. 143, 92 S. Ct. 1921 (1972).

The trooper knew that if the defendant were intoxicated when observed by Dodson, the defendant would still be intoxicated five minutes later. Thus the trooper could make the charge of driving under the influence based on his observing the defendant drive and his observation of the defendant when stopped. The case is unlike *Durant v. City of Suffolk*, 4 Va. App. 445 (1987), where a police officer, based on radio reports, stopped a driver two miles into Isle of Wight County, observed his apparently intoxicated condition there, but charged him with driving under the influence in Suffolk where the officer had not observed him drive.

Defendant argues that because of Va. Code § 19.2-83, the Virginia "stop and frisk" statutes, which limits stops to apparent felonies (except frisks for concealed weapons), even if the trooper had a reasonable and articulable suspicion, he could not stop the defendant.

However, Virginia Code § 46.1-7(c), giving an officer the authority to stop a vehicle to check the license of the driver, and § 46.1-8, giving an officer the right to stop a vehicle to inspect its operation (while subject to the constitutional limitations recognized in *Prouse*) gave the trooper statutory authority to stop the vehicle upon his reasonable suspicion that the occupant was subject to "seizure" (not arrest necessarily) for violation of the law.

The court overrules defendant's motion.