# CIRCUIT COURT OF THE CITY OF NORFOLK

City of Norfolk

v.

Henry E. Dofour, III

February 2, 1999

Case No. CR98-001458-00

BY JUDGE MARC JACOBSON

Henry E. Dofour, III, Defendant, was convicted of violating § 18.2-266 of the Code of Virginia (1950), as amended, (driving under the influence) in the Norfolk General District Court and appealed the conviction to the Norfolk Circuit Court.

The evidence is relatively uncontroverted. A vehicle operated by Defendant struck a vehicle operated by Rochelle Taylor at or about the intersection of East Little Creek Road and Camellia Drive in the City of Norfolk, Virginia. After the accident, Defendant and Taylor moved their vehicles to the shoulder on the right side of Little Creek Road, exited their vehicles, and briefly discussed the accident. Arrangements were made between Taylor and Defendant to cause their respective vehicles to be relocated to the parking lot of a Burger King restaurant approximately two hundred yards from the location where the accident occurred. A City of Norfolk police vehicle was located in the parking lot. Taylor requested that her husband accompany Defendant in his vehicle, to the parking lot, and both vehicles proceeded to the parking lot with Defendant driving his vehicle, accompanied by Taylor's husband, and Taylor driving her vehicle. Taylor entered the Burger King restaurant and determined that the City of Norfolk police vehicle in the parking lot was that of Officer R. A. Marsh of the City of Norfolk Police Department. The parking lot was on the opposite side of the street where the accident

occurred, although the place where the accident occurred could be seen from the parking lot. The evidence is not clear whether Officer Marsh observed or attempted to observe the location where the accident occurred. Officer Marsh did not observe the Defendant operating his vehicle.

At the parking lot, upon questioning by Officer Marsh, Defendant admitted that he was the driver of the vehicle involved in the accident with Taylor, admitted drinking before the accident, and denied that he did any drinking after the accident. As a result of Officer Marsh's investigation, Defendant was arrested without a warrant by Officer Marsh on and at the parking lot and charged with violation of § 18.2-266 of the Code of Virginia (1950), as amended (driving under the influence). The validity and propriety of the certificate of analysis reflecting the blood alcohol content of Defendant is not contested by Defendant.

The sole issue before the court is whether or not the provisions of § 19.2-81 of the Code of Virginia (1950), as amended, were complied with as to the requirement under that statute permitting the arrest of a person without a warrant so long as said arrest is "at the *scene* of any accident involving a motor vehicle" (emphasis added). Code § 19.2-81 reads as follows:

> Any such officer may, at the *scene of any accident involving a motor vehicle* ... or at any hospital or medical facility to which any person involved in such accident has been transported ... on any of the highways or waters of the Commonwealth, upon reasonable grounds to believe, based upon personal investigation, including information obtained from eyewitnesses, that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest.

(Emphasis added.)

The Supreme Court of Virginia has not directly dealt with the definition or parameters of "the *scene* of any accident involving a motor vehicle ... ." (emphasis added). Although initially both the Defendant and Taylor vehicles were moved to the shoulder of the road adjacent to the point of impact, thereafter, both vehicles were moved approximately two hundred yards and to the opposite side of the street. The contention of the City of Norfolk is that the point of impact or actual place of the accident could be observed by Officer Marsh from the parking lot on the opposite side of Little Creek Road and, therefore, in effect, the parking lot would be an extension of the accident scene.

In the case of *Thomas v. Town of Marion*, 226 Va. 251, 308 S.E.2d 120 (1983), a warrantless arrest was executed at a hospital some distance from the scene of the accident and obviously more than two hundred yards and not within the sight or view of the accident scene. The Supreme Court of Virginia ruled that the warrantless arrest was invalid and "The officer had no authority without a warrant to arrest the accused except at the scene of the motor vehicle accident for this misdemeanor (driving under the influence) committed not in his presence. Code § 19.2-81." *Id.* at 254. In the *Thomas* case it was further argued or contended that "there was an ongoing investigation of a motor vehicle accident and that the interview of the defendant at the ... Hospital [was] nothing more than an extension of the accident scene." The Supreme Court rejected this argument and reasoning. *Id.*

Section 19.2-81 was amended by the legislature in 1985, after the *Thomas* case, to permit a warrantless arrest "at any hospital or medical facility to which any person involved in such an accident has been transported . . ." but the General Assembly of Virginia did not extend the wording of the statute beyond the exception referring to a "hospital or medical facility" to which one in an accident is transported, presumably for medical treatment.

While not necessarily completely analogous to the instant issue, it is somewhat helpful to consider the status of the law in Virginia relative to a warrantless arrest for a misdemeanor if the offense is committed in the presence of a police officer. As in the instant case, the primary issue is whether the alleged offense was committed "in the presence" of the officer making the arrest.

In the case of *Durant v. City of Suffolk*, 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987) (quoting *Galliher v. Commonwealth*, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933)), it was stated that "an offense is committed within the presence of an officer within the meaning of this rule, when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed." In the *Durant* case, Edsel Dixon Durant, Jr., was arrested by a police officer of Isle of Wight County for the misdemeanor offense of driving while intoxicated in the City of Suffolk, Virginia. The arresting officer did not observe Durant driving in Suffolk and, therefore, no misdemeanor was committed in Suffolk in the presence of the arresting police officer. The arresting police officer's sole source of knowledge that allegedly Durant was driving while intoxicated in the City of Suffolk was a radio message from another police officer requesting assistance. As a result of such request, Durant was actually arrested in Isle of Wight County (not the City of Suffolk), Virginia. Durant was charged with driving while intoxicated in the

City of Suffolk. The Virginia Court of Appeals concluded that inasmuch as the arresting officer did not observe Durant driving in the City of Suffolk, that no misdemeanor was committed in the officer's presence in the City of Suffolk and the Court of Appeals further stated that "neither the common law nor the Code authorizes a warrantless arrest under these circumstances" and that Appellant's (Durant) "warrantless arrest was therefore unlawful." *Id.* at 448.

In the case of *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991), a police officer while on surveillance in the City of Lynchburg observed through his binoculars that the Defendant George Dennis Penn, III, threw a bottle onto a parkway area and in turn relayed this information by radio to another police officer who was in a vehicle in the area where the bottle was thrown and the police officer in the area was directed to approach Penn. The police officer did approach Penn and advised Penn that a summons for littering was to be issued. When Penn could not provide identification, he was placed under arrest and, as the result of a patdown, cocaine was discovered on his person. Penn argued that the seized cocaine during the search should have been suppressed because he was arrested for a misdemeanor, littering, which was not actually committed in the arresting officer's presence. The Virginia Court of Appeals concluded that the arrest was not valid pursuant to § 19.2-81, because, under the set of circumstances, the offense of littering was not committed in the presence of the arresting officer and that a police officer, therefore, could not make a warrantless arrest pursuant to § 19.2-81. The Court concluded that "Thus, Officer Meechum executed the arrest upon information he received from Officer Smith, not from information gathered through his personal senses. 'If [the officer] has information that a misdemeanor has been committed, but not in his presence, he must obtain a warrant and make the arrest pursuant to that warrant.' *Durant*, 4 Va. App. at 447-48, 358 S.E.2d 733." *Penn*, 13 Va. App. at 402, 412 S.E.2d at 191. The Court further concluded that "based on these facts the 'in the presence' requirement of § 19.2-81 had not been satisfied." *Id.* The *Penn* case further goes on to state, "The purpose behind the presence requirement is to prevent officers from making warrantless misdemeanor arrests based upon information received from third parties." *Id.* at 403. The Court indicated, "Simply stated, information received from a third party, even a fellow law enforcement officer, is an inadequate substitute for the arresting officer's own observations and perceptions." *Id.* at 404.

The Virginia General Assembly identified certain exceptions to the "in the presence" requirement for a warrantless arrest by an officer just as the Virginia General Assembly identified certain exceptions to the warrantless arrest by an

officer in certain traffic situations pursuant to § 19.2-81. If the Virginia General Assembly intended to permit further exceptions to warrantless arrests for misdemeanors not committed "in the presence of" or at the "scene," such exceptions would have to be included in § 19.2-81.

Various dictionaries have various definitions of the word "scene." Included in such definitions are the following:

(1) The place in which any event, real or imagined, occurs (the *scene* of a battle);

(2) The place where some action occurs; "the police returned to the *scene* of the crime";

(3) The place, time, circumstance, etc. in which anything occurs, or in which the action of a story, play, or the like is laid; surroundings amid which anything is set before the imagination; place of occurrence, exhibition, or action.

Certainly there are other similar definitions in other dictionaries, but, basically, a "scene" is the place where something occurs. In the instant case, the arresting officer was approximately two hundred yards (the length of two football fields) and on the opposite side of the road from where the accident occurred or the "scene" of the accident.

The Court finds and concludes that the parking lot does not satisfy the requirements of § 19.2-81 as to a warrantless arrest being made at the "scene" of the accident in the instant case. Nothing would have prevented Officer Marsh from applying for and obtaining a warrant against Defendant for driving while intoxicated then making the arrest pursuant to that warrant. Such was not done in the instant case.

Accordingly, the Court finds that under the facts and circumstances of the instant case that the "at the scene" requirement of § 19.2-81 has not been satisfied and, therefore, the arrest of the Defendant without an arrest warrant was unlawful, and, therefore, the charge of driving while intoxicated against the Defendant must be dismissed.