494

## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Andrew Stickle

February 13, 2007

Case No. (Criminal) 18145-47

BY JUDGE THOMAS D. HORNE

Defendant has moved to dismiss the instant prosecutions based upon the arresting officer's want of jurisdiction to make an arrest. In addition, he suggests that at the officer who seized him lacked either a reasonable suspicion or probable cause to do so. Mr. Stickle has been charged with driving under the influence, unreasonable refusal to submit to a blood or breath test, and obstruction of justice as a result of the events attendant to the seizure.

On July 1, 2006, Timothy Morrison, a Park Ranger on duty with the Harper's Ferry National Historical Park, observed the defendant behind the wheel of a vehicle that had pulled onto a wayside area adjacent to the park. The ranger's attention was directed to the vehicle when he heard a horn honking and two cars pull rapidly onto the lot. After receiving a report from one of the drivers that the defendant attempted to run him off the road and seeing the defendant attempt to leave the wayside the wrong way through a one-way exit, Ranger Morrison approached the defendant and engaged him in conversation.

The ranger noted that the defendant had an odor of alcohol on his breath and exhibited other visible signs of intoxication. His observations led him to require the defendant to exit his vehicle. A field sobriety examination was performed by the ranger that, in conjunction with the other observations, were sufficient to establish probable cause to arrest the defendant for driving under the influence.

Ranger Morrison called for the assistance of another Park Ranger to help with the detention of the defendant while he awaited the arrival of Virginia State Trooper who had been summoned to the scene. During the time, it became necessary for the rangers to physically restrain the defendant who had become increasingly belligerent and unruly. When Trooper Kunz arrived upon the scene, he attempted unsuccessfully to have the defendant submit to a preliminary breath test. Trooper Kunz subsequently charged the defendant with obstruction of justice for the disruptive behavior exhibited at the scene.

The defendant was eventually transported to a magistrate in Leesburg, where he was charged with the instant offenses. Ranger Morrison drove the defendant to Leesburg as Trooper Kunz's car was lacking what, in the officers' opinion, was adequate security separation between passenger and driver.

The arrest of the defendant occurred in an area adjacent to the boundary of the Historical Park. Park authorities routinely patrol the wayside as part of their duties. It is a short distance from the Maryland-Virginia line and the Potomac River Bridge on Route 340. At the time his vehicle entered the wayside, it was within the County of Loudoun.

Based upon the evidence presented, the Court finds, for purposes of a consideration of the instant motions, that the defendant was operating his vehicle within Loudoun County, Virginia, at the time he was initially detained by Ranger Morrison. While Ranger Morrison did not observe any erratic driving behavior, he was aware of the noteworthy manner in which the two vehicles had entered the lot and that one of the drivers reported that the defendant had attempted to "run him off the road." Additionally, the ranger noted that the defendant had attempted to leave the lot against a one-way sign. When he approached the defendant, he observed visible signs of intoxication.

Based upon a totality of the circumstances, Ranger Morrison had probable cause to arrest the defendant for driving under the influence. Assuming, without deciding, he lacked police jurisdiction at the time of the seizure, he would have been justified in making a citizen's arrest. The defendant's conduct amounted to a breach of the peace committed in the officer's presence. There was ample cause to believe that, should the

defendant have been permitted to return to the road, he would have posed a clear danger to others. *Hudson v. Commonwealth,* 266 Va. 361 (2003); *Wilson v. Commonwealth,* 45 Va. App. 193 (2005). As the defendant's conduct became more abusive and violent, the nature of the restraint imposed by the officer's was, by necessity, increased.

Moreover, the Court finds that the Rangers had police jurisdiction over the wayside area where the arrest occurred. The Attorney for the Commonwealth has argued that National Park Service Rangers with law enforcement commissions have been designated "special agents" of the Department of the Interior. *Letter, From Assistant Secretary of the United States Department of the Interior to Attorney General of Virginia, dated March 17, 1987.* Therefore, park rangers may exercise the powers of a conservator of the peace when "engaged in the performance of their official duties." Va. Code Ann. § 19.2-12. As a conservator of the peace, Ranger Morrison could make an arrest for a misdemeanor committed in his presence. Va. Code Ann. § 19.2-81.

Under the facts of this case, the Court finds that Ranger Morrison was engaged in the performance of his official duties at the time that he detained the defendant. While the exact location where the defendant's vehicle was may have been outside the limits of the Harper's Ferry Historical Park, activities conducted in the parking area had a nexus with those conducted within the park. Protection of the safety of the traveling public was a matter of immediate concern both to the officer in his official capacity and as a private citizen.

The instant motions challenge both the authority to act and the reasonableness of the actions taken in accomplishing the seizure of the defendant. While Trooper Kunz may not have observed the behavior, any lack of authority conferred by statute would not, as a matter of constitutional principal, trump the question of probable cause presented on a motion to suppress. *Penn v. Commonwealth,* 13 Va. App. 399 (1991). While statutory compliance may impact on the merits of the charges, such proof, or lack thereof, is a matter to be raised at trial and not by the instant motions. Similarly, the matter of venue is one of proof, the burden of which rests upon the Commonwealth.

While the defendant has raised the issue of a violation of the rule on witnesses, assuming, without deciding, the rule to have been violated, such a violation would be of no consequence to a decision of the instant motion. The standard to be applied in evaluating the presence or absence of probable cause is an objective one.

Accordingly, the motion to dismiss and suppress will be denied with leave for the defendant to raise those issues relevant at a trial on the merits.