COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Fitzpatrick
Argued at Salem, Virginia


JOSHUA MICHAEL PRUITT

                                             MEMORANDUM OPINION[*] BY
v.        Record No. 2921-06-3            JUDGE ELIZABETH A. McCLANAHAN
                                               FEBRUARY 5, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Charles H. Smith, Jr., Judge Designate[1]

Randall A. Eads for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Joshua Michael Pruitt was convicted in a bench trial of the felony offense of driving

while intoxicated, a third offense within five years.  On appeal, he argues the trial court erred in:

(1) denying his motion *in limine* to prohibit introduction of the certificate of analysis of his

breathalyzer test; (2) denying his motion to suppress introduction of his statement that he was the

operator of the vehicle; and (3) failing to grant his motion to strike.  We affirm the trial court.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although the Honorable Charles H. Smith Jr., Judge Designate, presided over the trial
and entered the sentencing order, the Honorable Larry B. Kirksey presided over the hearing on
the motion *in limine* in which the first two issues in this appeal were decided.

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

So viewed, Officer Michael McCoy received a call to respond to an accident at the intersection of Euclid Avenue and Chester Street in Bristol. The call came in at 6:20 a.m., and he arrived at the scene at 6:26 am. The intersection was close to a middle school, high school, a college, businesses, and residential neighborhoods. The officer observed Pruitt's vehicle had struck a telephone pole and knocked the pole over so that it was blocking the entire eastbound flow of traffic on a major thoroughfare in the city. At the time Officer McCoy arrived, traffic was heavy and had begun to back up in the eastbound lanes. Pruitt was the only person at the scene and was sitting in the driver's seat of his vehicle behind the steering wheel with the keys in the ignition. The officer asked Pruitt to step out of the vehicle and present his driver's license. When Pruitt did so, the officer detected the odor of alcohol and asked Pruitt to submit to field sobriety tests and a preliminary breath test. Pruitt performed poorly on the field sobriety tests. Also during this investigation, Officer McCoy asked Pruitt if he was the operator and Pruitt replied that he was. Pruitt said he had been at a staff meeting at O'Charleys where the employees were allowed to drink, that he had left the restaurant early in the morning, and that was the last time he had any alcohol. He also told McCoy he had fallen asleep on Euclid Avenue. No bottles or evidence of alcohol were found in the car. McCoy arrested Pruitt for drunken driving at 6:35 am. McCoy transported Pruitt to jail and administered a breath test that measured Pruitt's blood alcohol content as 0.15. His warrant was subsequently amended to the charge of felony offense of driving while intoxicated, third offense within five years.

Prior to trial, Pruitt moved *in limine* to prohibit introduction of the breath test results and moved to suppress the statement that he was the operator. He argued he was not arrested within three hours of the offense since the time of the accident was unknown and his statement that he was the operator of the vehicle was made in violation of his <u>Miranda</u> rights. The trial court denied his motions. At trial, he moved to strike the evidence arguing the evidence was insufficient to show he was the operator or that he was intoxicated at the time of the offense. The trial court denied his motion to strike and found him guilty.

## II. ANALYSIS

On appeal, Pruitt contends the trial court erred in denying his motion *in limine* to prohibit introduction of the results of his breath test and his motion to suppress the statement he was the operator of the vehicle. He also argues the trial court erred in denying his motion to strike.

### A. Admission of Breath Test Results

Pruitt argues the trial court should have excluded the results of the breath test because the Commonwealth failed to prove what time the accident occurred and, thus, failed to prove he was arrested within three hours of committing the offense of driving while intoxicated. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." <u>Blain v. Commonwealth</u>, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citing <u>Coe v. Commonwealth</u>, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986)).

Under Code § 18.2-268.2, any person who operates a motor vehicle in Virginia is deemed to consent to chemical testing of his blood and breath if he is arrested within three hours of the alleged offense.

> Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway . . . in the Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath,

> or both blood and breath taken for a chemical test to determine the alcohol . . . content of his blood, if he is arrested for violation of § 18.2-266 [driving while intoxicated] . . . within three hours of the alleged offense.

Code § 18.2-268.2. If the defendant is not arrested within three hours of committing the offense of driving while intoxicated, the results of the breath or blood test are not admissible at trial. Bristol v. Commonwealth, 272 Va. 568, 575, 636 S.E.2d 460, 464 (2006) (citing Overbee v. Commonwealth, 227 Va. 238, 242-43, 315 S.E.2d 242, 243-44 (1984); Thomas v. Town of Marion, 226 Va. 251, 254, 308 S.E.2d 120, 122 (1983)).

The circumstantial evidence supports the trial court's finding that Pruitt was arrested within three hours of the offense. "Circumstantial evidence[,] when sufficiently convincing, is entitled to the same weight as direct evidence." Riner v. Commonwealth, 268 Va. 296, 303-04, 601 S.E.2d 555, 558-59 (2004) (citing Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991); Epperly v. Commonwealth, 224 Va. 214, 228, 294 S.E.2d 882, 890 (1982)). Officer McCoy first received a call on Monday morning at 6:20 a.m. and reported to the accident scene at a busy intersection by 6:26 a.m. to find the eastbound lanes completely blocked. Traffic was beginning to back up at an area routinely patrolled. When Officer McCoy arrived, Pruitt was still inside his vehicle, seated behind the steering wheel, with the keys in the ignition. Thus, it was reasonable for the trial court to conclude the accident had occurred shortly prior to the call. See, e.g., Thomas, 226 Va. at 254, 308 S.E.2d at 122 (court concluding it was reasonable to infer an accident occurred at about the time of the call).[2] Since Pruitt's arrest at 6:35 a.m. was well

---

[2] Because we find the evidence was sufficient to support the time of the accident, and Pruitt admitted to operating the vehicle, we do not decide whether Pruitt was in physical control of the vehicle and still "operating" it when Officer McCoy arrived. See, e.g., Keesee v. Commonwealth, 32 Va. App. 263, 527 S.E.2d 473 (2000) (driver who was trapped in his vehicle after an accident was still "operating" it when the officer arrived on the scene where his key was still in the ignition and the car was in gear despite the fact that he was incapacitated); but cf. Stevenson v. City of Falls Church, 243 Va. 434, 416 S.E.2d 435 (1992); see also United States v. Stephenson, 2007 U.S. Dist. LEXIS 60518 (W.D. Va. 2007).

within three hours of the time the evidence established the accident happened (and thus the time he committed the offense of driving while intoxicated), the trial court did not abuse its discretion in admitting the results of the breath test.[3]

### B. Admission of Pruitt's Statement That He Was the Operator

Pruitt argues the trial court should have suppressed the statement he made to Officer McCoy that he was the operator of the vehicle because Officer McCoy failed to advise Pruitt of his Miranda rights. However, Miranda warnings are only required when the detainee's freedom has been so restricted as to render him "in custody." Oregon v. Mathiason, 429 U.S. 492, 495 (1977).

In Berkemer v. McCarty, 468 U.S. 420 (1984), the Court held that Miranda warnings are not required when an accused is detained pursuant to a lawful Terry stop. Id. at 439-40. In Nash v. Commonwealth, 12 Va. App. 550, 404 S.E.2d 743 (1991), we held a defendant was not "in custody" for purposes of Miranda when an officer investigating an accident found the defendant a quarter of a mile from the accident, returned him to the accident scene, asked for identification, asked whether he had consumed alcohol, and performed a field sobriety test. As in Nash, Officer McCoy was investigating an accident and in doing so requested Pruitt's identification, asked him whether he had consumed alcohol, and asked him to perform field sobriety tests. Officer McCoy's suspicion that Pruitt was driving while intoxicated was confirmed, and Pruitt was arrested within ten minutes of Officer McCoy's arrival. Similarly, we conclude here that while Pruitt was detained in a Terry stop, he was not "in custody" when he told Officer McCoy he was

---

[3] The holding in Overbee does not compel a different conclusion. In that case, the defendant's vehicle was in an emergency lane and defendant was standing in front of his vehicle when the officer found him. The hood of the car was raised, and the key had been removed from the ignition. There had been no call or report of an accident. There was no evidence of how long the vehicle had been there, and there was evidence defendant had been drinking after his vehicle had stopped running. Overbee, 227 Va. at 240-41, 315 S.E.2d at 243.

the operator of the vehicle.[4]  A reasonable person in Pruitt's position would not have concluded "that his freedom was being curtailed to a degree associated with a formal arrest." Dixon v. Commonwealth, 270 Va. 34, 40, 613 S.E.2d 398, 401 (2005).  Therefore, Officer McCoy was not required to inform Pruitt of his Miranda rights before his arrest and the trial court properly admitted Pruitt's statement that he was the operator of the vehicle.

## C.  Sufficiency of Evidence

Pruitt argues the trial court erred in failing to grant his motion to strike because the Commonwealth failed to prove he was operating the vehicle while intoxicated.

In reviewing the sufficiency of the evidence, "the judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict." Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotations marks omitted).  "[T]he trial court's judgment will not be set aside unless plainly wrong or without evidence to support it." Hunley v. Commonwealth, 30 Va. App. 556, 559, 518 S.E.2d 347, 349 (1999).  "The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998).  "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Id. at 509-10, 500 S.E.2d at 235.  "This Court does not substitute its judgment for that of the trier of fact." Hunley, 30 Va. App. at 559, 518 S.E.2d at 349.

---

[4] Pruitt does not argue he was "in custody" but argues he was "seized" because Officer McCoy retained his driver's license.  Pruitt was no doubt seized as he was the subject of a Terry stop, and we have held that retention of a driver's license does constitute a seizure, Piggott v. Commonwealth, 34 Va. App. 45, 537 S.E.2d 618 (2000), but as we point out here, Miranda rights, which were developed to protect the Fifth Amendment privilege against self-incrimination, are not applicable to a seizure within the meaning of the Fourth Amendment. Pruitt does not argue Officer McCoy lacked reasonable suspicion required for the seizure.

Pruitt makes two arguments:  First, Pruitt argues the evidence was insufficient to prove he was the operator of the vehicle; second, he argues the evidence was insufficient to prove he was intoxicated at the time of the alleged offense.  Both contentions are without merit.  The evidence was sufficient to establish the time of the accident.  When Officer McCoy arrived, Pruitt was still in the driver's seat with the key in the ignition.  Pruitt's statement that he was the operator was properly admitted.  Thus, the evidence sufficiently proved he was the operator of the vehicle at the time of the accident.  We also concluded the results of his breath test were properly admitted, and the officer testified as to Pruitt's conduct at the scene leading to his arrest.  Therefore, the evidence was also sufficient to support the finding he was intoxicated at the time of the accident and, thus, operated his vehicle while intoxicated.  Accordingly, we affirm his conviction.

Affirmed.