HUNTER NORVELL PAIGE, SR.

v.

CITY OF LYNCHBURG

No. 1345-88-3

Decided April 3, 1990

COUNSEL

Joseph A. Sanzone, for appellant.

William G. Petty, Commonwealth's Attorney, for appellee.

OPINION

MOON, J.—We hold that Code § 19.2-81, which permits police officers, under certain circumstances, to make warrantless misdemeanor arrests at hospitals, does not limit those arrests to misdemeanors committed in the arresting officer's presence. Hunter Norvell Paige, Sr. seeks reversal of his conviction of driving under the influence. He contends that the results of a blood alcohol test taken with his consent after a warrantless arrest should not have been admitted into evidence because the warrantless arrest was invalid. We disagree and affirm.

Appellant was operating a moped on a Lynchburg street when he turned into the path of a police car operated by Officer Gordon Taylor. After the collision, Taylor radioed for medical assistance and informed his police supervisor, Commander B. J. Williams, who, along with Officer D. W. Chance, went to the scene. Chance followed the ambulance which carried appellant to Lynchburg General Hospital. Chance remained with appellant until Commander Williams arrived following an investigation at the accident scene. After Commander Williams completed his investigation at the hospital, he placed appellant under arrest for driving under the influence of alcohol. Thereafter, appellant consented to a blood alcohol test.

Appellant claims that Williams had no authority to arrest him at the hospital because the misdemeanor was not committed in Williams' presence and therefore appellant's consent to take the blood test was invalid.

Code § 19.2-81 reads in pertinent part:

Members of . . . [p]olice force . . . provided such officers are in uniform, or displaying a badge of office, may arrest, without a warrant, any person who commits any crime in the presence of such officer and any person whom he has reasonable grounds or probable cause to suspect of having commit-

ted a felony not in his presence. Any such officer may, at the scene of any accident involving a motor vehicle . . . or at any hospital . . . to which any person involved in such accident has been transported . . . upon reasonable grounds to believe, based upon personal investigation . . . that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest . . . .

■ Appellant says that the sentence which states "[a]ny such officer may . . . at any hospital . . . upon reasonable grounds to believe, based upon personal investigation . . . that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest . . ." refers only to the arrest of "any person who commits any crime in the presence of such officer." He argues that the words "such officer" as used in the second sentence refer to the same "such officer" identified in the first sentence. We disagree. We hold that the statute authorizes law enforcement officers to make warrantless arrests at a hospital of any person involved in a motor vehicle accident even though the crime was not committed in the officer's presence, provided the officer is in uniform or displaying a badge of office and has reasonable grounds to believe based upon personal investigation that a crime arising from the accident was committed by that person. Since Officer Williams was in uniform and had probable cause to arrest appellant based upon Williams' personal investigation, appellant was lawfully arrested at the hospital without a warrant. Since the arrest was lawful, the blood test results were admissible.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.