## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Annette Quisenberry

### April 1, 1992

### Case No. (Criminal) 74108

BY JUDGE ROSEMARIE ANNUNZIATA

The matter under advisement is defendant Annette Quisenberry's motion to suppress the results of a breathalyzer test administered pursuant to Va. Code § 18.2–268 on the ground that her arrest for driving while intoxicated was invalid. For the reasons stated below, the motion is granted.

The following facts have been considered by the Court together with the relevant case law, the briefs and the argument of counsel. In the early morning hours of October 13, 1991, Sgt. Stephen J. Thompson responded to a call to go to Quander Road near its intersection with Duke Drive, in Fairfax County, to investigate a report that a woman had jumped out of a car and had run down the sidewalk. Upon arrival at the scene, he saw a 1982 Plymouth, which was later determined to belong to the defendant, parked on the diagonal, facing the curb on Quander Road. The car was empty and the keys were not in the ignition. Sgt. Thompson observed the defendant and a companion walking approximately fifty yards from the car. Both individuals were talking loudly and staggering as they walked.

Sgt. Thompson approached the individuals to conduct an investigation of the incident. Ms. Quisenberry conceded that the vehicle was hers and that she and her companion were on their way home from a wedding reception where they had been drinking most of the evening. There was a strong odor of alcohol about her person and her

eyes were blood-shot. In explanation for parking the car as described above, Ms. Quisenberry told the police officer she had pulled over to the curb because she had too much to drink to be driving.

According to Sgt. Thompson, the defendant was then advised she was under arrest for being drunk in public and that she was also going to be charged for driving while intoxicated. The defendant disputed this account and testified the police officer told her she was under arrest for driving while intoxicated, and that he did not mention the charge of drunk in public. Ms. Quisenberry was taken into custody without a warrant.

After being advised of Virginia's implied consent law,[1] she was administered the breathalyzer test. She testified that she consented to taking the test because she believed she had no choice. A warrant for her arrest for driving while intoxicated was then obtained and served on Ms. Quisenberry; she was not charged with being drunk in public. The officer explained, the DUI charge "was probably all the charges that needed to be piled on her". (Tr. 21.) He conceded that he had not seen the defendant driving the vehicle and that he had based his determination of probable cause for the arrest for driving while intoxicated on defendant's admissions. (Tr. 20.)

After serving the arrest warrant on the defendant, the officer gave her a copy of the certificate of the breath analysis, stating "If you get an attorney, he's going to want to see that document. So make sure you take care of it and put it in a safe place." (Tr. 17.) The defendant responded, "I don't need an attorney. I'm guilty." (Tr. 17.)

Citing *Durant v. City of Suffolk*, 4 Va. App. 445 (1987), and *Thomas v. Town of Marion*, 226 Va. 251 (1983), the defendant contends that her warrantless arrest for DUI was invalid and, that in light of her invalid arrest, her consent to the breathalyzer test was likewise invalid and the results inadmissible.

---

[1] Section 18.2–268(B) of the Virginia Code provides that "[a]ny person, whether licensed by Virginia or not, who operates a motor vehicle upon a public highway in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood or breath or both blood and breath taken for a chemical test to determine the alcohol or drug or both alcohol and drug content of his blood, if such person is arrested for violation of § 18.2–266 or of a similar ordinance of any county, city or town within two hours of the alleged offense."

The Commonwealth argues that even if the court determines the defendant was improperly arrested without a warrant, Sgt. Thompson had probable cause to arrest the defendant for being drunk in public and/or DUI, and that, in the absence of a fourth amendment violation, the breathalyzer evidence is properly received at trial, citing *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991), *Thompson v. Commonwealth*, 10 Va. App. 117 (1990), and *Horne v. Commonwealth*, 230 Va. 512 (1986). Alternatively, the Commonwealth argues that, even if it is determined that Ms. Quisenberry was placed in custody pursuant to a warrantless arrest for a misdemeanor, that the arrest was valid since it was based on information obtained from the defendant herself and not from a third party, citing *Durant v. City of Suffolk*, 4 Va. App. 445 (1987). The Commonwealth also argues that, in any event, the defendant could be required to submit to a blood or breath test before the warrant for her arrest for driving while intoxicated was issued and served, citing *Bowman v. Commonwealth*, 201 Va. 656 (1960).

Finally, the Commonwealth argues that under Va. Code § 19.2–81, any such warrantless arrest of the defendant was valid, notwithstanding the fact that the offense was not committed in the officer's presence. By way of exception to the general rule, § 19.2–81 authorizes law enforcement officers to make warrantless arrests at the scene of an accident involving a motor vehicle, upon reasonable grounds to believe, upon personal investigation, that a crime has been committed. *Paige v. City of Lynchburg*, 10 Va. App. 162, 164 (1990).

Taking the last Commonwealth contention first, I first resolve the disputed issue of fact regarding the basis for defendant's arrest, in favor of the defendant. Specifically, I find that the defendant was arrested without a warrant for a misdemeanor which did not occur in the presence of the officer. I further find that the statutory exception does not apply here. The events in question do not establish that an accident had occurred. The incident was not reported to the police officer as an accident and the incident was not, in fact, treated as an accident by the police officer at the time of the incident. Notably, Sgt. Thompson testified that his concern "was for the woman's *safety*, and what had transpired *in* the car", (Tr. at 9.) (emphasis added), and none of his questioning at the time of the incident suggests he was considering the possibility that an accident had occurred.

As to the contention that the defendant's arrest on a warrant for DUI subsequent to the administration of the breath test is authorized and thus valid under the holding of *Bowman v. Commonwealth, supra*, I find *Bowman* is not controlling. In *Bowman*, the police officer was investigating an automobile accident and arrested the defendant based on a warrant, after the blood test was administered. The challenge to the admissibility of the test results was premised on the provisions of former Va. Code § 18–75.1 and not those of the statute at issue. Former Code § 18–75.1 gave the accused the right to have his blood alcohol determined by chemical analysis upon request made within two hours of his arrest.[2] The Court held that the defendant's exercise of his rights under § 18–75.1 constituted a waiver of the necessity that the defendant be arrested first. *Id.* at 661. The Court's holding is limited to its construction of provisions of a statute which have no bearing on this case.

As to the Commonwealth's contention that the officer's arrest was based on an offense committed in his presence, I find that the facts of this case do not support this conclusion. As noted by the Supreme Court in *Galliher v. Commonwealth*, 161 Va. 1014, 1021 (1933), "[a]n offense is committed within the presence of an officer, within the meaning of this rule, when he has direct personal knowledge, through his sight, hearing, or other senses that *it is then and there being committed*.") (Emphasis added). Under this test, it appears that the time at which the offense is committed and the officer's perception of its commission must be coincident. *State v. Williams*, 116 S.E.2d 858 (S.C. 1960), citing *State v. Pluth*, 195 N.W. 789, 791 (1925) ("[W]here the officer could not observe nor become cognizant of the act constituting the offense by the use of his senses it

---

[2] § 18–75.1. "In any criminal prosecution under § 18–75, or similar ordinance of any county, city or town, no person shall be required to submit to a determination of the amount of alcohol in his blood at the time of the alleged offense as shown by a chemical analysis of his blood, breath, or other bodily substance; however, any person arrested for a violation of § 18–75 or similar ordinance of any county, city or town shall be entitled to a determination of the amount of alcohol in his blood at the time of the alleged offense as shown by a chemical analysis of his blood or breath, provided the request for such determination is made within two hours of his arrest. Any such person shall, at the time of his arrest, be informed by the arresting authorities of his right to such determination, and if he makes such request, the arresting authorities shall render full assistance in obtaining such determination with reasonable promptness."

could not be committed in his presence so as to authorize an arrest without a warrant.") *See also Miles v. State*, 236 P. 57, 58 (Okla. Crim. App. 1925) ("An offense is committed in the presence of an officer, within the meaning of the statute authorizing an arrest without a warrant, only when he sees it with his own eyes or sees one or more of a series of acts constituting the offense, and is aided by his other senses. An offense is likewise deemed committed in the presence of the officer where the offense is continuing, or has not been fully consummated at the time the arrest is made."); *See also Thompson v. Commonwealth*, 19 Va. App. 117, 120 (1990) ("[E]ven though the taking may have occurred outside the officer's presence, if the asportation of stolen goods was continuing in the officer's presence, he could arrest without a warrant for a misdemeanor committed in his presence."); 5 Am. Jur. 2d *Arrest* § 31 at 721 (1962). The officer in this case could not have perceived through his own senses that the defendant was driving her vehicle while intoxicated at the time she was committing the offense because he was not there at the time of the commission. *See United States v. Sipes*, 132 F. Supp. 537 (E.D. Tenn. 1955); *State v. Wills*, 114 S.E. 261 (W. Va. 1922).

While there is some authority that an admission by the defendant will satisfy the requirement that the offense be committed in the presence of the arresting officer, neither the Virginia Supreme Court nor the Court of Appeals appears to have addressed this question. Of the handful of courts which have, the majority have held that an admission does not serve to validate the warrantless arrest. *See* Annotation, *What Amounts to a Violation of Drunken-Driving Statute in Officer's "Presence" or "View" so as to Permit Warrantless Arrest*, 74 A.L.R.3d 1138 § 6 (1976). I likewise find that the Virginia statute can not be read as permitting a warrantless arrest for a misdemeanor based solely on an admission, since a misdemeanant's admission is not among those exceptions to the statute's requirements, specifically set forth by the General Assembly. *Durant v. City of Suffolk*, 4 Va. App. at 447 ("It is settled that *unless the arrest is one within the various statutory exceptions to the general rule*, a police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence.") (Emphasis added). While an admission may be relevant to the issue of guilt, it can not factually

convert an offense, otherwise unobserved, to one committed in the officer's presence.

Finally, the Commonwealth correctly states that the Virginia Supreme Court has refused to extend the exclusionary rule enunciated in *Weeks v. United States*, 232 U.S. 383 (1914), to encompass evidence seized pursuant to statutory violations where the seizure was valid under the Fourth Amendment. *See Hall v. Commonwealth*, 138 Va. 727 733–34 (1924); *Horne v. Commonwealth*, 230 Va. 512, 519 (1986); *Thompson v. Commonwealth*, 10 Va. App. 117, 122 (1990); *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991). And, it is clear that a mere violation of § 19.2–81, without more, is insufficient to exclude the challenged evidence in the absence of a fourth amendment violation. *Horne v. Commonwealth*, 230 Va. 512, 519 (1986); *Thompson v. Commonwealth*, 10 Va. App. 117, 122 (1990); *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991). However, where the statute which governs the admissibility of the challenged evidence provides for suppression as a remedy for its breach, such evidence will be suppressed. *Troncoso v. Commonwealth*, 12 Va. App. 942, 944 (1991).

In the present case, the statute governing the admission of the evidence in question, § 18.2–268, provides for the exclusion of evidence taken in violation of its provisions. *Thomas v. Town of Marion*, 226 Va. 251, 254 (1983); *Durant v. City of Suffolk*, 4 Va. App. 445, 448–9 (1987). The defendant's arrest in this case was invalid. Therefore, she can not be deemed to have consented to the testing of her breath under Virginia's implied consent law. *Id.* Furthermore, her actual consent was given upon the belief that she was obligated by law to submit to the test, after having been advised by the officer of the law's requirements. Thus, her actual consent was likewise invalid. Under the circumstances of this case, the results of the breathalyzer must be suppressed. Accordingly, an order granting defendant's motion to suppress the evidence will be entered.