**Salem**

TAMMY RENEE LAYNE

v.

COMMONWEALTH OF VIRGINIA

No. 2011-91-3

September 1, 1992

24

COUNSEL

Thomas L. Phillips, Jr. (Phillips, Phillips, Phillips & Morrison, on brief), for appellant.

(Leah A. Darron, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee. Appellee submitting on brief.

OPINION

**COLEMAN, J.**—Tammy Renee Layne was convicted in a bench trial for driving while intoxicated in violation of Code § 18.2-266. She contends that the arresting officer illegally stopped and detained her; therefore, she argues that the evidence of her driving while intoxicated was illegally obtained and should have been suppressed. Specifically, she asserts that the officer lacked a reasonable and articulable suspicion that she was engaged in criminal activity when he stopped her.

We uphold the ruling of the trial court. When the officer stopped Layne, based upon information he had received and facts observed, he had a reasonable, articulable basis for making a brief investigative *Terry* stop to inquire of Layne's identity and whether her purpose in being in the area was criminal in nature. Thus, since the evidence of Layne's intoxication was obtained as the result of a lawful investigative detention, we affirm her conviction.

 " '[I]f there are articulable facts supporting a reasonable suspicion that a person *has* committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.' " *Williams v. Commonwealth*, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987) (emphasis added) (quoting *Hayes v. Florida*, 470 U.S. 811, 816 (1985)). It is sufficient to justify an investigative detention if the officer reasonably suspects that the person "is committing, has committed or is about to commit" a crime. *Simmons v. Commonwealth*, 217 Va. 552, 557, 231 S.E.2d 218, 221-22 (1977). An investigative detention to detect or prevent incipient criminal activity is, when supported by the officer's reasonable and articulable suspicion that criminal activity may be afoot, consonant with the fourth amendment protections against unreasonable seizures. *See Terry v. Ohio*, 392 U.S. 1, 23 (1968); *Landsdown v. Commonwealth*, 226 Va. 204, 210, 308 S.E.2d 106, 110 (1983), *cert. denied*, 465 U.S. 1104 (1984). For an investigative detention to be valid, "the detaining officers must have a particularized and objective basis [under the totality of the circumstances] for suspecting the particular person stopped of criminal activity." *Leeth v. Commonwealth*, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982).

Officer T.L. Williams, the arresting officer, was dispatched at approximately 4:30 a.m. to a Stafford Street address in Lynchburg, Virginia, to investigate a reported assault and battery. At the address, he spoke with Sherry Lynn Falls. She informed him that Tammy Renee Layne had attacked her approximately fifteen minutes earlier in Amherst County. Falls provided Officer Williams with a physical description of Layne. She also told the officer that Layne had left her automobile parked in front of Falls' residence. Falls had reported the incident because, apparently, she was concerned that when Layne returned to her vehicle, further trouble might ensue. Shortly thereafter, Officer Williams observed Layne get into her vehicle in front of Falls' residence and drive away. He followed her, activated his lights, and

stopped Layne's vehicle. Officer Williams approached the vehicle, asked Layne to identify herself, and asked for her license and registration. When she complied with his requests, Officer Williams detected the strong odor of alcohol on her breath. After administering general field sobriety tests to Layne, which she performed poorly, Williams advised Layne of her *Miranda* rights. He asked whether she had been drinking. Layne responded that she had consumed two beers. Williams administered a breath analyzer test to her and thereafter arrested her at 5:15 a.m. for driving while intoxicated.

■ When Officer Williams initially stopped Layne, he had a reasonable and articulable suspicion that she had only a few minutes earlier committed a criminal offense, namely an assault and battery in Amherst County upon Sherry Lynn Falls. Layne contends that, because Officer Williams lacked statutory authority pursuant to Code §§ 19.2-81 and 19.2-250, to arrest her for a misdemeanor committed in another jurisdiction and not in his presence, he could not constitutionally detain her to investigate the alleged offense. Assuming that Officer Williams lacked the statutory authority to have arrested Layne without a warrant for a misdemeanor committed in another jurisdiction, Layne's argument nevertheless fails. The detention was not made for the sole purpose of investigating the crime which allegedly had occurred, but was made for the purpose of determining whether criminal activity was afoot. "It would have been poor police work . . . for an [experienced] officer [with a report that Layne had recently assaulted Falls] to have failed to investigate this behavior further," *Terry*, 392 U.S. at 23, and possibly to have allowed Layne temporarily to leave, only to return and assault or seriously injure Falls. As a peace officer, Williams had a duty, based on a report that Layne had recently breached the peace, to investigate and determine whether she harbored criminal intentions. An officer may, consistent with the fourth amendment, detain a person, based on a reasonable and articulable suspicion, to investigate past criminal activity, *see Hayes*, 470 U.S. at 816, or to prevent a crime from being committed. *Terry*, 392 U.S. at 23. It is of no moment that Layne entered her car and drove away from Falls' residence. Officer Williams could have reasonably believed, and apparently did, based on his testimony, that Layne was leaving the area because she was aware of his presence and that she may have intended to absent herself temporarily from the area, only to return and resume the fracas after he left. Officer Williams' belief is made all the more reasonable by his observations that, after Layne

drove away, she made two left turns which placed her on a street from which she could easily have returned to Falls' residence.

The fact that Officer Williams may not have had the authority to have arrested Layne for her alleged misdemeanor assault upon Falls in another jurisdiction does not make his stop of her unlawful. "Encounters are initiated by the police for a wide variety of purposes, some of which are wholly unrelated to a desire to prosecute for crime." *Terry*, 392 U.S. at 13 (footnote omitted). "Street encounters between citizens and police officers are incredibly rich in diversity. They range from wholly friendly exchanges of pleasantries or mutually useful information to hostile confrontations of armed men involving arrests." *Id.* at 13. Some police-citizen encounters are so innocuous and minimally intrusive that the fourth amendment is not even implicated. *See Florida v. Royer*, 460 U.S. 491, 497 (1983) (officer may approach an individual in a public place, put questions to him or her, and identify himself or herself as an officer without implicating the fourth amendment). "The Supreme Court of the United States has identified two types of seizures of the person protected by the Fourth Amendment—arrest and investigatory stop." *Baldwin v. Commonwealth*, 243 Va. 191, 195, 413 S.E.2d 645, 647 (1992). Not every investigative detention, in order to be lawful and comply with the fourth amendment, requires that the officer have the power or authority to arrest for criminal conduct that may have occurred. As to an investigatory stop, in the interest of "effective crime *prevention* . . . a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior." *Terry*, 392 U.S. at 22 (emphasis added). Reported recent crimes may, as was the case here, be the basis for a police officer's reasonably suspecting that possibly criminal activity may be imminent. An officer need not possess the statutory authority to effect an arrest for prior criminal conduct in order to effect a *Terry*-type detention to investigate incipient criminal activity. Where, as here, Officer Williams stopped Layne in her vehicle, a seizure occurred for purposes of the fourth amendment. Nevertheless, because Officer Williams had a reasonable and articulable suspicion that Layne had committed a criminal offense and might do so again, he was justified in temporarily detaining her to inquire about her identity and the legality of her conduct. Because Layne was not illegally detained, we reject

her contention that the evidence of her intoxication should have been suppressed. For the foregoing reasons, we affirm Layne's conviction.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.