## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Stephen E. Marinich

June 30, 1995

Case No. (Criminal) M1011

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the charge of driving under the influence of alcohol in violation of § 18.2-266 of the Code of Virginia. For the reasons stated below, the Court finds the defendant guilty.

The Court finds from the evidence that on November 6, 1994, Officer T. A. Miller was dispatched to a particular subdivision in Fairfax County to respond to a report of a fight. While en route, he received a second dispatch advising that some of the suspects involved in the fight were seen leaving the subdivision in a small, dark pickup truck. About a half mile before reaching the subdivision, the officer stopped at a stoplight at an intersection. A small, dark pickup truck with three persons in the cab and one in the back approached the light from the opposite direction (traveling in a direction away from the subdivision). The officer pulled over to the truck. It was about 1:35 a.m. The officer spoke to the driver of the truck, who is the defendant in this case. The driver had a strong odor of alcohol about his person and had bloodshot eyes. In response to the officer's question, the defendant said he had consumed four beers since 9:00 p.m. The officer then administered certain field sobriety tests to the defendant, which the defendant failed to perform satisfactorily. The defendant was arrested for driving under the influence of alcohol, advised of the implied consent law, and transported to the jail. Proper procedures were followed, and a breath test was administered showing a blood alcohol content of .12.

The Court finds that the testimony presented by the defense is insufficient to rebut the presumption from the breath test that the defendant was driving under the influence of alcohol. However, at issue is whether the

officer. had a reasonable, articulable suspicion permitting him to stop the defendant at all.

The defendant moved to suppress the arrest and to strike the Commonwealth's case. The Court took the motions under advisement. For the reasons stated below, the motion to suppress the Commonwealth's evidence is denied. The Court finds that Officer Miller had a reasonable, articulable suspicion for an investigatory stop of the defendant.

The defendant relies on *Beckner v. Commonwealth* for the proposition that reasonable suspicion to stop is not found unless the officer is provided with some basis and reliability of the informant's knowledge. *Beckner v. Commonwealth*, 15 Va. App. 533, 535 (1993). An investigatory stop may be based on an anonymous informant's tip if there is some independent corroboration of the informant's information. *Bulatko v. Commonwealth*, 16 Va. App. 135, 137 (1993). In *Beckner*, the Court of Appeals of Virginia found no reasonable suspicion to stop where the officer was told by an anonymous person that a white female who was nearby pumping gas into her 1966 Chevrolet did not have a driver's license. In *Bulatko*, after an anonymous person made a phone call to a police chief regarding an unlicensed driver and gave the make, color, and license plate number of the driver's vehicle, the officer confirmed this information by checking the records and stopped the driver later that night. *Bulatko*, at 136. In finding that there was a reasonable suspicion to stop in *Bulatko*, the Court of Appeals distinguished the case from *Beckner* because the officer had independent corroboration of the information before making the stop. *Bulatko*, at 137-38. Reasonable suspicion to stop may also be found when the public is in imminent danger even if the informant has not established any basis of knowledge. *Beckner v. Commonwealth*, 15 Va. App. 533, 538 (1993). *See, Layne v. Commonwealth*, 15 Va. App. 23 (1992) (finding that officer had reasonable, articulable suspicion to stop suspect in assault and battery investigation to prevent her from possibly committing further crimes).

In this case, an anonymous caller stated that the suspects left the fight in a small, dark pickup truck. As Officer Miller approached the scene of the fight, he saw a small, dark pickup truck with several passengers driving away from the area. While the information given in this case is not as detailed as the information given in *Bulatko*, Officer Miller had independent corroboration of the type and color of the vehicle, its proximity to the scene of the alleged fight, and the presence in the vehicle of multiple persons. The Court also finds that Officer Miller had a reasonable suspi-

cion to stop because the report of a fight placed members of the public in imminent danger. Because Officer Miller had a reasonable, articulable suspicion to stop the defendant, the subsequent arrest for driving under the influence is valid. The Court finds the defendant guilty of driving while intoxicated.