COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

HERBERT CLAYTON MORETZ

v.          Record No. 0389-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                  FEBRUARY 27, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Robert B. Cromwell, Jr., Judge

            Roy B. Martin, III (Jonathan Silverman;
            Staton, Perkinson, Doster, Post, Silverman &
            Adcock, on brief), for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Herbert Clayton Moretz (defendant) entered pleas of guilty

to possession of cocaine and a related firearm offense, reserving

his right to appeal the denial of an earlier motion to suppress

the substantive evidence of these offenses.  Defendant now

pursues such appeal, arguing that the trial court erroneously

admitted evidence resulting from an unlawful seizure.[1]  We

disagree and affirm the convictions.

     The parties are fully conversant with the record in this

case, and we recite only those facts necessary to a disposition

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Although defendant asserts violations of both the U.S. and
Virginia Constitutions, the relevant provisions of the state
constitution are "substantially the same as those contained in
the Fourth Amendment" and we, therefore, address only the federal
issue.  See Lowe v. Commonwealth, 230 Va. 346, 348 n.1, 337
S.E.2d 273, 275 n.1 (1985), cert. denied, 475 U.S. 1084 (1986)
(citations omitted).

of this appeal.

Upon review from a trial court's denial of a motion to suppress, we consider the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance, granting to it "all reasonable inferences fairly deducible from that evidence." Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v. Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990). The findings of the trial court will not be disturbed unless "plainly wrong," Grimstead, 12 Va. App. at 1067, 407 S.E.2d at 48, and the burden is upon the appellant to show that the ruling constituted reversible error. Reynolds, 9 Va. App. at 436, 388 S.E.2d at 663.

The record discloses that Virginia Beach Detective Hodges and Sergeant Liverman were involved in "drug interdiction" activities on the evening of October 2, 1993. Both Hodges and Liverman had prior information that the Holly Kove Motel was "an area that crack could be bought from," a "hot spot." A "Crime Solver,"[2] "reliable . . . informant" and "concerned citizen" had each advised Hodges of cocaine trafficking specifically related to Room 102 at the motel. As a result, the officers were conducting "roving or moving surveillance" of the motel from an unmarked police vehicle.

---

[2]The caller had informed Hodges earlier that day of crack sales from Room 102 at the motel and "heavy vehicle . . . and foot traffic."

At approximately 8:15 p.m., the crime solver again contacted Hodges and reported that "a black male . . . was standing outside of Room 102, [and] that . . . the foot . . . and . . . car traffic was [now] very light."  The police then established a "stationary surveillance" of Room 102, which immediately verified the crime solver's most recent tip.

Within minutes, the officers observed a "newer model red Corvette" enter the motel lot and park near Room 102.  A passenger, a "white male with long hair," exited the vehicle and entered the room, returning to the vehicle after "two or three minutes."  The Corvette then backed into an area of the lot hidden from the officers' view and, after a "minute or so," left the motel.  The officers followed the Corvette to "get the license plate number," noting that it displayed Florida tags.  Almost immediately, the crime solver once more contacted Hodges and advised that a passenger in the Corvette had just "solicited [him] to buy crack" in the motel parking lot.  The caller's description of this passenger was consistent with the officers' earlier observations.

The police continued to follow the Corvette and, after it stopped briefly at another motel and nearby trailer park, requested uniformed Officer R. L. Christie to "pull" the vehicle.  The disputed evidence was discovered during the ensuing investigation, and defendant contends that this detention lacked the requisite "reasonable suspicion."

It is well established that "[w]hen the police stop a

vehicle and detain its occupants, the action constitutes a 'seizure' of the person for fourth amendment purposes." Murphy v. Commonwealth, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989) (citations omitted). However, not all seizures are unlawful. The fourth amendment prohibits only those which are "unreasonable." Terry v. Ohio, 392 U.S. 1, 9 (1968); Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988). A brief detention to investigate "incipient criminal activity" is not unreasonable if "supported by the officer's reasonable and articulable suspicion that criminal activity may be afoot." Layne v. Commonwealth, 15 Va. App. 23, 25, 421 S.E.2d 215, 216 (1992); see Terry, 392 U.S. at 21, 30.

"In determining whether an 'articulable and reasonable suspicion' justifying an investigatory stop of [a] vehicle exists, courts must consider 'the totality of the circumstances-- the whole picture.'" Murphy, 9 Va. App. at 144, 384 S.E.2d at 128 (citations omitted). However, "[j]ustification for stopping an automobile does not depend on the subjective intent of the police. Compliance with the fourth amendment depends, instead, on 'an objective assessment of an officer's actions in light of the facts and circumstances then known to him.'" Bosworth v. Commonwealth, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989) (citations omitted).

A tip from an anonymous informant, without indicia of reliability, may provide the reasonable suspicion necessary to justify an investigatory stop. Alabama v. White, 496 U.S. 325,

- 4 -

331 (1990); see also Bulatko v. Commonwealth, 16 Va. App. 135, 137 (1993), 428 S.E.2d 306, 307 (1993).  However, the officer must have "some objective basis for assessing the reliability of the informant's knowledge of the information contained in his report in order to establish a reasonable and articulable suspicion to stop the suspect."  Beckner v. Commonwealth, 15 Va. App. 533, 536, 425 S.E.2d 530, 532 (1993).

Here, the crime solver had first reported personal observation of illicit drug sales in Room 102 earlier in the day, providing additional information in a second call which was independently confirmed by Hodges and Liverman.  Moments thereafter, the Corvette arrived at the motel, and subsequent events were consistent with the third report of the crime solver which specifically implicated the vehicle and its passenger in criminal conduct.  Hodges' suspicions were further supported by (1) the presence of a "very nice car," licensed in a "solar state" for narcotics distribution, parked at "a low-rent motel," (2) the activity of the passenger at the motel, and (3) the brief stops at the nearby motel and trailer park, all of which Hodges found compatible with "drug trafficking."

Viewing such circumstances with the totality of the record, we find abundant support for the reasonable and articulable suspicion necessary to justify the investigatory stop of the automobile and, accordingly, affirm the convictions.

Affirmed.