COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


VIRGINIA ANN EWELL

MEMORANDUM OPINION[*] BY
v.          Record No. 1730-95-1          JUDGE RICHARD S. BRAY
                                          OCTOBER 22, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Robert B. Cromwell, Jr., Judge

William F. Burnside for appellant.

Michael T. Judge, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Virginia Ann Ewell (defendant) was convicted for possession
of cocaine in violation of Code § 18.2-250.  She complains on
appeal that the trial court erroneously declined to suppress
evidence resulting from an unlawful seizure of her person.  We
disagree and affirm the conviction.

Upon appeal from a trial court's denial of a motion to
suppress, we must view the evidence in the light most favorable
to the prevailing party, granting to it all reasonable inferences
fairly deducible therefrom.  Commonwealth v. Grimstead, 12 Va.
App. 1066, 1067, 407 S.E.2d 47, 48 (1991); Reynolds v.
Commonwealth, 9 Va. App. 430, 436, 388 S.E.2d 659, 663 (1990).
Determinations of reasonable suspicion and probable cause require

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

de novo review on appeal.  Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996).  However, a trial court's "findings of historical fact" should be reviewed only for "clear error." Moreover, "due weight" must be given to "inferences drawn from those facts by resident judges and local law enforcement officers," and "a trial court's finding that [an] officer was credible and [that his or her] inference was reasonable."  Id.

In this instance, the historical facts are uncontroverted. At approximately 12:30 a.m. on December 4, 1993, Virginia Beach Police Officer Andrew J. Spiess was acting as a private "security guard" at the Friendship Village Apartments, "enforcing trespass codes and other city, state traffic codes."  Spiess, who had been employed in a "part-time capacity" for several months to "cut the crime down" in the complex, also patrolled the area incidental to his routine police duties, and was "familiar with the majority of the residents . . . [as well as] the vehicles" usually on the property.  Operating a marked police vehicle and in uniform, he entered the parking area of the apartments.  "[N]o one [was] out" at "that time of night," and Spiess noticed a vehicle "next to an apartment . . . suspected strongly of being high narcotics . . . ."  The car "immediately started up and proceeded to leave" and, as it "pulled by," Spiess recognized neither the driver nor the vehicle.  A lighted "No Trespassing" sign was posted "right at the entrance," and Spiess, suspecting that the operator, defendant, was a trespasser, "activated [his] blue lights" and

- 2 -

signaled her to "pull[] over."

Once stopped, Spiess approached, "shined [his] flashlight into the vehicle," and observed an open bottle of alcohol and a beer can "fashioned" in a manner consistent with a crack smoking device on the "floorboard," and a "wooden clothespin" (a device "commonly used to hold a crack pipe"), "charred at one end," atop a purse resting on the front seat. Defendant acknowledged ownership of the purse which contained two "crack pipes," each with cocaine residue.

The sole issue on appeal is whether the investigatory stop of defendant's vehicle was supported by the requisite reasonable suspicion.

It is well established that "[w]hen the police stop a vehicle and detain its occupants, the action constitutes a 'seizure' of the person for fourth amendment purposes." Murphy v. Commonwealth, 9 Va. App. 139, 143, 384 S.E.2d 125, 127 (1989). However, not all seizures are unlawful. The Fourth Amendment prohibits only those which are "unreasonable." Terry v. Ohio, 392 U.S. 1, 9 (1968); Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988). A brief detention to investigate "incipient criminal activity" is not unreasonable if "supported by the officer's reasonable and articulable suspicion that criminal activity may be afoot." Layne v. Commonwealth, 15 Va. App. 23, 25, 421 S.E.2d 215, 216 (1992); see Terry, 392 U.S. at 21, 30. "Actual proof that [such] activity is afoot is not

necessary; the record need only show that it <u>may</u> be afoot."
<u>Harmon v. Commonwealth</u>, 15 Va. App. 440, 444, 425 S.E.2d 77, 79
(1992).

"There is no 'litmus test' for reasonable suspicion."
<u>Castaneda v. Commonwealth</u>, 7 Va. App. 574, 580, 376 S.E.2d 82, 85
(1989) (reh'g <u>en</u> <u>banc</u>) (citing <u>Terry</u>, 392 U.S. at 21). "In
determining whether an 'articulable and reasonable suspicion'
justifying an investigatory stop of [a] vehicle exists, courts
must consider 'the totality of the circumstances--the whole
picture.'" <u>Murphy</u>, 9 Va. App. at 144, 384 S.E.2d at 128
(quoting <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989)).
"Compliance with the fourth amendment depends . . . on 'an
objective assessment of an officer's actions in light of the
facts and circumstances then known to him,'" <u>Bosworth v.</u>
<u>Commonwealth</u>, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989)
(quoting <u>Scott v. United States</u>, 436 U.S. 128, 136 (1978)),
viewed "objectively through the eyes of a reasonable police
officer with the knowledge, training, and experience of the
investigating officer." <u>Murphy</u>, 9 Va. App. at 144, 384 S.E.2d at
128.

Spiess was a police officer very familiar with the vicinity
of the apartments, a majority of its residents, and those
vehicles usually present on the property.[1] A "No Trespassing"

---

[1]In <u>Lowery v. Commonwealth</u>, 9 Va. App. 314, 388 S.E.2d 265
(1990), we concluded that a police officer's observation in

sign was conspicuously displayed at the entrance, and Spiess was aware of and alert to related violations and other criminal activity in the proximity. Defendant and her car, both unknown to Spiess, were observed in the parking area at a late hour, located near an apartment with suspected narcotic connections. Defendant "immediately started up and proceeded to leave" upon the appearance of the marked police vehicle.

Viewing such circumstances objectively, from the perspective of the police officer, we find that Spiess initiated an investigatory stop, properly supported by the reasonable suspicion that defendant was a trespasser on the premises. The trial court, therefore, correctly declined to suppress the disputed evidence.

Accordingly, we affirm the conviction.

<u>Affirmed.</u>

---

Virginia of a "Florida rental vehicle owned by a local Florida rental agency," combined with the "officer's knowledge that such agencies <u>generally</u> prohibit their automobiles from being taken outside of the state," justified a "reasonable suspicion that the vehicle is stolen or may have been removed from Florida without proper authority." <u>Id.</u> at 319, 388 S.E.2d at 268 (emphasis added).