COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Senior Judge Hodges
Argued at Alexandria, Virginia


HARRISON R. JONES, JR., S/K/A
 HARRISON RANDOLPH JONES, JR.
                                          MEMORANDUM OPINION<sup>*</sup>
v.   Record No. 0604-96-4           BY JUDGE WILLIAM H. HODGES
                                             APRIL 22, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                      James H. Chamblin, Judge

            Robert J. Hartsoe, Assistant Public Defender,
            for appellant.

            Marla Graff Decker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     Harrison R. Jones, Jr. (appellant) was convicted in a bench

trial of possessing phencyclidine (PCP) and marijuana.  On

appeal, appellant challenges the trial judge's refusal to

suppress the evidence based upon the police officer's encounter

with him.  For the reasons that follow, we find no error and

affirm appellant's convictions.

     "On appeal, the burden is on appellant to show, considering

the evidence in the light most favorable to the Commonwealth,

that the denial of the motion to suppress constituted reversible

error."  Stanley v. Commonwealth, 16 Va. App. 873, 874, 433

S.E.2d 512, 513 (1993).  Although we are bound to review de novo

_____

     <sup>*</sup>Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the ultimate determination of reasonable suspicion, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. ___, ___, 116 S. Ct. 1657, 1663 (1996).

Here, Officer Ebersole responded to a shopping center parking lot to investigate "a citizen's report of a possible intoxicated driver." The report indicated that "two white male subjects had left Zingers [a nightclub] and had gotten into a light blue Chevrolet pickup truck that had . . . Pennsylvania license plates on it and that the vehicle's occupants were being disorderly." On cross-examination, Ebersole further elaborated that he was told that "these two disorderly subjects that were reported to be intoxicated had entered a vehicle and appeared as though they were attempting to leave."

Within five minutes, Ebersole arrived and found the truck at the reported location; it was parked and contained two white males. Ebersole parked his police car so as not to block the truck and, dressed in his uniform, he "attempted to make contact" with the driver by "knocking on the driver's side window." Appellant sat in the driver's seat, looked at Ebersole "and then turned away and continued" to talk with the person in the passenger seat. Ebersole "again knocked on the window louder," and appellant "rolled down the window" and asked what Ebersole wanted. Ebersole "requested to see some identification," and

appellant "produced [his] driver's license." "Talking with [appellant, Ebersole] detected a very strong odor of alcohol emitting from [appellant's] person. [Ebersole] noted that [appellant's] eyes were glassy and when he spoke his speech was very slurred." Appellant did not appropriately respond to Ebersole's questions, and eventually he "got abusive towards [Ebersole] and became angry."

After appellant became "argumentative," Ebersole asked appellant to exit the vehicle. Upon alighting from the vehicle, appellant "was staggering to the point where he had to brace himself on the vehicle to keep from falling." Due to appellant's condition, Ebersole "was unable to have" appellant perform any field sobriety tests. At that point in time, Ebersole "placed [appellant] under arrest for being drunk in public."

Following a search incident to appellant's arrest, the police recovered PCP and marijuana. The trial judge found no Fourth Amendment violation and denied the suppression motion. He then found appellant guilty of both charges.

Assuming without deciding that appellant was seized when Ebersole knocked on the window a second time and requested identification, we find that the encounter was supported by a reasonable suspicion that appellant was or was about to be engaged in criminal behavior.

"A police officer may lawfully stop . . . an individual if the officer possesses a reasonable suspicion, based on

3

articulable facts, that the individual is or is about to be engaged in criminal activity." Gregory v. Commonwealth, 22 Va. App. 100, 105, 468 S.E.2d 117, 120 (1996). "Although the Commonwealth has the burden of proving that such an investigatory stop is lawful, the 'level of suspicion required [for an investigative stop] is less demanding than the standard of probable cause.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (en banc) (citation omitted). "'When a court reviews whether an officer had reasonable suspicion to make an investigatory stop, it must view the totality of the circumstances . . . objectively through the eyes of a reasonable police officer with the knowledge, training, and experience of the investigating officer.'" Wechsler v. Commonwealth, 20 Va. App. 162, 170, 455 S.E.2d 744, 748 (1995) (quoting Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989)).

"In considering whether facts based on an anonymous tip are sufficient to provide a police officer a reason to suspect criminal activity, the United States Supreme Court has stated that 'anonymous [information that has] been sufficiently corroborated [may] furnish reasonable suspicion . . . [justifying an] investigative stop.'" Gregory, 22 Va. App. at 106, 468 S.E.2d at 120 (quoting Alabama v. White, 496 U.S. 325, 331 (1990)). "[A]lthough the police do not have to verify every detail provided by an anonymous tipster, 'significant aspects of the informer's information must be independently corroborated.'"

4

Id. (quoting Bulatko v. Commonwealth, 16 Va. App. 135, 137, 428 S.E.2d 306, 307 (1993)). "This Court has held that Alabama v. White does not preclude a finding of reasonable suspicion when the anonymous tipster does 'not provide the government with information that predicts the future actions of the [defendant], if some other indicia of reliability of the informant exists.'" Beckner v. Commonwealth, 15 Va. App. 533, 535, 425 S.E.2d 530, 531 (1993).

Here, the tipster provided a detailed description of the vehicle, the location, and the nature of the illegal activity in which the individual was possibly engaged. Although Officer Ebersole did not observe appellant engaged in illegal activity, he verified significant details provided by the tipster within moments after receiving the detailed information. Ebersole verified that, indeed, two white males were in the truck and the truck matched the description provided by the tipster.

Viewing the totality of the circumstances in the light most favorable to the Commonwealth, we find that Ebersole sufficiently articulated circumstances from which it reasonably could be inferred that appellant may be intoxicated in public, see Code § 18.2-388, and that he might attempt to drive while intoxicated, see Code § 18.2-266. Ebersole immediately verified the tipster's detailed information, and proceeded to investigate. It was nighttime, and, although appellant was in a nonmoving vehicle, the truck was located in a public parking lot. See Fierst v.

Commonwealth, 210 Va. 757, 760, 173 S.E.2d 807, 810 (1970) (holding that officer had probable cause to arrest defendant seated in parked car for being drunk in public). After Ebersole knocked on the window, appellant looked at Ebersole and turned away without making an auditory or visual acknowledgment. Based on these circumstances, Ebersole had no way to determine the status of appellant, who was located in a public place at the time. The evidence established sufficient reasonable suspicion to warrant the initial encounter. See Layne v. Commonwealth, 15 Va. App. 23, 26, 421 S.E.2d 215, 217 (1992). Therefore, the trial judge did not commit reversible error in denying appellant's motion to suppress.

Because Ebersole had a reasonable, articulable suspicion to approach appellant and investigate, we find it unnecessary to address whether the initial encounter between appellant and Ebersole was consensual. Accordingly, we affirm appellant's convictions.

Affirmed.