COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Moon[*]
Argued at Salem, Virginia


JEFFREY SCOTT WRIGHT

v.    Record No. 2528-96-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE SAM W. COLEMAN III
DECEMBER 9, 1997

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
J. Samuel Johnston, Jr., Judge

Robert R. Feagans, Jr., for appellant.

Daniel J. Munroe, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Jeffrey Scott Wright was convicted in a bench trial for possession of LSD, a Schedule I controlled substance, in violation of Code § 18.2-250. On appeal, he contends that the trial court erred by denying his motion to suppress the LSD that was seized when he was arrested. Specifically, Wright alleges that because the arresting officer was beyond his territorial jurisdiction the arrest was unlawful, and, therefore, the evidence was illegally seized in the search incident to an unlawful arrest. We disagree and affirm the conviction.

---

[*]When the case was argued Judge Moon presided. Judge Fitzpatrick was elected Chief Judge effective November 19, 1997. Judge Moon participated in the hearing and decision of this case prior to his retirement on November 25, 1997.

[**]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

I.  BACKGROUND

During roll call, Investigator Danny Viar of the Lynchburg Police Department learned of an outstanding capias for the arrest of Jeffrey Scott Wright for his having failed to appear in court. Viar testified that he did not know from which jurisdiction the capias had been issued or that the charge for failure to appear was for a misdemeanor offense.

Viar, who was familiar with Wright and his vehicle, spotted Wright while driving through Campbell County. Viar radioed the Campbell County dispatcher to send an officer to serve the capias. In the meantime, Viar stopped the appellant's vehicle in Campbell County, which was beyond Viar's jurisdictional limit in the City of Lynchburg.

Viar approached the appellant's vehicle, showed appellant his badge and told the appellant that a Campbell County officer was en route to arrest appellant on the capias. Although Viar did not physically restrain Wright, Viar told him to stay until the Campbell County deputy arrived and that Wright was "not going to leave." Ten minutes after Viar stopped Wright, a Campbell County officer arrived and arrested Wright. In a search incident to the arrest, the Campbell County officer found LSD in Wright's pocket.

At trial, Wright filed a motion to suppress the LSD contending it was obtained in a search incident to an illegal arrest. The trial court found that although Investigator Viar

had exceeded the scope of his jurisdiction as a Lynchburg police officer by arresting Wright, Viar had legally arrested him as a private citizen. Accordingly, the trial court denied the motion to suppress. The correctness of that ruling is the issue before us on appeal.

## II. ANALYSIS

Investigator Viar's detention of the appellant was an arrest and was not, as the Commonwealth argues, merely an investigative stop.[1] Viar was not briefly detaining the appellant for the purpose of conducting an investigation of suspected criminal activity. Rather, Viar had restricted Wright from leaving the roadside, he had told Wright that he was not free to leave, and that Wright had to remain there until the Campbell County deputy arrived to formally take him into custody. Under the circumstances, a person of ordinary intelligence and understanding would believe that he was not free to leave and was, therefore, under "arrest." See United States v. Mendenhall, 446 U.S. 544, 553-54 (1980); Castell v. Commonwealth, 21 Va. App. 78, 81-82, 461 S.E.2d 438, 439 (1995). Accordingly, the trial court did not err in holding that Viar had arrested Wright without a warrant. Thus, we must next determine whether Viar's

---

[1]Because Viar's detention of Wright was an arrest, and not an investigative stop, the decision in Layne v. Commonwealth, 15 Va. App. 23, 421 S.E.2d 215 (1992), does not apply to the case at bar. See Layne, 15 Va. App. at 27, 421 S.E.2d at 217 ("An officer need not possess the statutory authority to effect an arrest . . . in order to effect a Terry-type detention to investigate incipient criminal activity.").

extraterritorial arrest of Wright would require the exclusion of the evidence seized in the search incidental to such an arrest.

Generally, an arresting officer may search an individual as an incident to a lawful arrest. DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987). If, however, the arrest is illegal in that it violates federal constitutional protections, any evidence seized from a search pursuant to such arrest is subject to the exclusionary rule, as mandated by Mapp v. Ohio, 367 U.S. 643 (1961). See Penn v. Commonwealth, 13 Va. App. 399, 406, 412 S.E.2d 189, 193 (1991), aff'd per curiam, 244 Va. 218, 420 S.E.2d 713 (1992).

However, in Penn, we held that "[i]n the absence of any deprivation of constitutional rights, an arrest in violation of state statute does not require exclusion of any evidence obtained as a result of the arrest." 13 Va. App. at 408, 412 S.E.2d at 194. The exclusionary rule adopted in Mapp does not operate to exclude evidence from an arrest that is statutorily defective, but otherwise constitutionally valid, id. at 406-07, 412 S.E.2d at 193, and the Virginia Supreme Court has rejected the invitation to adopt a state exclusionary rule for arrests that are constitutionally valid but which may violate a statutory provision. See Horne v. Commonwealth, 230 Va. 512, 519, 339 S.E.2d 186, 191 (1986). Therefore, in this case, even if Viar's arrest of Wright was "illegal" because he was a Lynchburg police officer who had exceeded his authority to arrest in Campbell

- 4 -

County or a private citizen who had no authority to arrest for a misdemeanor, the dispositive issue is whether Viar's arrest of Wright violated any federal constitutional guarantees which the exclusionary rule, as enunciated in Mapp, was designed to protect.

The Fourth Amendment does not prohibit the state or a police officer from making a warrantless arrest or seizure of a person provided that the state or officer has probable cause to believe that a crime has been or is being committed. See Thompson v. Commonwealth, 10 Va. App. 117, 121, 390 S.E.2d 198, 201 (1990) (citing United States v. Watson, 423 U.S. 411 (1976)). A police officer has probable cause to arrest if the officer "had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed." DePriest, 4 Va. App. at 583, 359 S.E.2d at 543.

Here, Investigator Viar had probable cause to arrest Wright because he had learned at roll call that a capias for Wright's arrest was outstanding, charging him with having failed to appear in court. The information provided Viar with sufficient facts to reasonably believe that Wright had committed a criminal offense. Wright does not contest this.

Wright asserts that the LSD was seized from him in a search pursuant to an unlawful arrest because Viar exceeded his jurisdictional authority under Code § 19.2-250.[2] However, that

_____
[2]Code § 19.2-250 provides that, in criminal cases involving offenses against the Commonwealth, the jurisdiction of a city or

claim of illegality as to the arrest does not involve a claim that federal constitutional protections were violated which would implicate the exclusionary rule. Even if Investigator Viar violated Code § 19.2-250 or exceeded the common law authority of a private citizen in arresting Wright for a misdemeanor, he nonetheless constitutionally detained Wright. Under the holding in <u>Penn</u>, the exclusionary rule does not apply. Accordingly, the trial court properly denied the appellant's motion to suppress the evidence.

For these reasons, we affirm the conviction.

<u>Affirmed.</u>

(..continued)
town "shall extend within the Commonwealth one mile beyond the corporate limits of such town or city . . . ." <u>See</u> <u>Hall v. Commonwealth</u>, 12 Va. App. 559, 563, 389 S.E.2d 921, 924 (1990) (wherein we held that if an officer exceeds his statutory authority, his arrest may nevertheless be lawful because an officer retains the power as a private citizen to arrest an accused); <u>see also</u> <u>Moore v. Oliver</u>, 347 F. Supp. 1313, 1316 (W.D. Va. 1972) ("If [a police officer] acts outside the one mile area from the city limits, his status is that of any other private citizen.") (citing <u>Alexandria v. McClary</u>, 167 Va. 199, 203, 188 S.E. 158, 160 (1936)).