COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


FELICIA CREQUE
                                   MEMORANDUM OPINION[*] BY
v.          Record No. 0750-97-1    JUDGE NELSON T. OVERTON
                                       FEBRUARY 24, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Junius P. Fulton, Judge

             Michael J. Woods (Wilcox & Woods, P.C., on
             brief), for appellant.

             Jeffrey S. Shapiro (Richard Cullen, Attorney
             General; Leah A. Darron, Assistant Attorney
             General, on brief), for appellee.


     Felicia Creque (defendant) was convicted of possession with

intent to distribute cocaine, in violation of Code § 18.2-248.

On appeal, she contends the police seized her in violation of the

Fourth and Fourteenth Amendments to the United States

Constitution and, therefore, evidence found subsequent to the

seizure should have been suppressed.  The issue presented by this

appeal is two-fold:  (1) when was defendant seized for purposes

of the Fourth Amendment and (2) at that time did the police have

a reasonable, articulable suspicion of criminal activity?

Because we find that at the time defendant was seized the police

did have a reasonable, articulable suspicion, we affirm.

     The parties are fully conversant with the record in the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

A person is seized for Fourth Amendment purposes when "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). "An encounter between a law enforcement officer and a citizen in which the officer merely identifies himself and states that he is conducting a narcotics investigation, without more, is not a seizure . . . ." McGee v. Commonwealth, 25 Va. App. 193, 199, 487 S.E.2d 259, 262 (1997) (en banc). Taken in the light most favorable to the Commonwealth, we agree with the trial court that a seizure had not taken place until defendant was asked to step inside the house. Prior to that order, defendant had not been told to remain where she was by the police, had not submitted to a show of authority and was not physically confined to the porch she was sitting upon. Before Officer Reardon found the cocaine, the circumstances indicate that she was free to leave. Therefore, we cannot say that the finding of the trial court was plainly wrong. See White v. Commonwealth, 25 Va. App. 662, 666, 492 S.E.2d 451, 453 (1997) (en banc).

The next question presented asks whether the police had "reasonable and articulable suspicion that criminal activity [was] afoot" when they ordered defendant into the house. Layne v. Commonwealth, 15 Va. App. 23, 25, 421 S.E.2d 215, 216 (1992)

(citing <u>Terry v. Ohio</u>, 392 U.S. 1, 23 (1968)).  "Determinations of reasonable suspicion and probable cause should be reviewed <u>de novo</u> on appeal."  <u>Ornelas v. United States</u>, 116 S. Ct. 1657, 1663 (1996).  Upon review of the evidence, we see that defendant was present at a place where the police had just discovered 132 small bags of cocaine and a .38 caliber handgun.  Defendant had also previously admitted knowing Patricia Borden, the informant who tipped police to the narcotics operation.  Officer Reardon, at a minimum, had a reasonable and articulable suspicion that everyone at the house was involved in the distribution of cocaine.  Once defendant admitted to the police that the "dope" was hers they, of course, had probable cause to arrest her.

Because at the time defendant was seized the police had a reasonable suspicion she was involved in distributing cocaine, the trial court's denial of her motion to suppress was proper. Accordingly, we affirm her conviction.

<u>Affirmed.</u>