# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Commonwealth of Virginia

v.

Asjawana Barnes

November 8, 2000

Indictment No. CR00-1009

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court on the motion of the defendant to suppress the arrest of the defendant. While the motion before the court is inarticulately stated, there are questions of a potential constitutional issue that can and should be decided in this matter.

## *The Facts*

Asjawana Barnes is charged in this indictment with two counts of assault and battery of a law enforcement officer in violation of Virginia Code § 18.2-57(c). At the time of the trial he was also charged with two misdemeanor warrants alleging assault and battery of a family member in violation of Virginia Code § 18.2-57.2, the victims being his brother and sister-in-law. The court found the defendant guilty of one misdemeanor and dismissed the other.

The evidence revealed that Portsmouth City Police Officers Ian E. McNett, Jr., and Steven E. Walker were dispatched to the vicinity of 201 and 203 Dorset Avenue in response to a complaint involving what turned out to be the family assault charges. Upon arrival at the scene the officers interviewed several individuals and received information that indicated the defendant had committed the misdemeanor assaults. The officers then sought to interview the defendant who had retreated to the doorway of 203 Dorset Avenue; this house was rented to the defendant's girlfriend, and he testified that he lived there. While standing inside the house at the front door, the

defendant was asked by Officer McNett to step outside and talk with him. After refusing to do so, the defendant was asked a second time and again he refused. Officer Walker then told the defendant that he was under arrest for the misdemeanor assaults. The officers then attempted to open the door and place the defendant under arrest. The defendant struck Officer McNett knocking him off the steps into Officer Walker. The officers then charged the door and the defendant attempted to close it, catching the leg of Officer McNett and the foot of Officer Walker in the door.

Ultimately additional police arrived and the door was forced and the defendant arrested on the misdemeanor charges as well as those in this indictment.

## Issue

The defense argument is that this was an illegal arrest and for some reason the arrest should result in the suppression of the arrest. In support of this theory, it cites the court to *Jefferson v. Commonwealth*, 27 Va. App. 1, 497 S.E.2d 474 (1998).

*Jefferson*, however, deals with admissibility of narcotics recovered during a search of the defendant's person incident to his arrest, and this is a different issue from the one before the court.

The court will give the defense the benefit of the doubt and restate the issue in terms it believes more accurately reflects this case.

Was this a lawful arrest, and, if not, what consequences should flow in favor of the defendant?

At the start the court would note that Virginia Code § 19.2-81 provides *inter alia* that "duly constituted police . . . of any city . . ." may make a warrantless arrest for assault and battery not committed in their presence. A series of cases have determined this procedure to be constitutionally sound. See *DePriest v. Commonwealth*, 4 Va. App. 577, 359 S.E.2d 540 (1987), and *Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991). The key to validity being the possession of sufficient knowledge by the officer to lead a reasonable person to believe an offense had been committed. *DePriest, supra*, at page 585.

A review of our evidence clearly reveals that the officers had received a complaint of assault and battery and were attempting to arrest the defendant. This evidence establishes to the satisfaction of the court that probable cause to arrest the defendant existed and that pursuant to statute, § 19.2-81, the officers were justified in making an arrest, within certain parameters.

Does *Jefferson, supra,* require that this arrest be made with a warrant? The evidence presented by the Commonwealth established that the defendant had returned inside his residence and was standing in the door watching the proceedings between the officers and witnesses taking place in the street. There was no testimony that the defendant had fled the scene, nor had he attempted to avoid arrest while on or near the public way. The Commonwealth also failed to provide any evidence of "exigent circumstances" (i.e. potential destruction of evidence, flight to avoid arrest, potential additional violence to the victims or other members of the community.)

While we have noted that *Jefferson, supra,* is a Fourth Amendment case dealing with search and seizure of evidence, it does stand for the premise that this was an illegal arrest: "absent (1) exigent circumstances and probable cause or (2) consent, law enforcement agents cannot enter . . . a person's home either to search or seize without previously obtaining a warrant." *Jefferson, supra,* at page 16. See also *United States v. Santana,* 427 U.S. 38, 49 L. Ed. 2d 300, 96 S. Ct. 2406 (1976), applying this rule to an arrest without a warrant.

Because *Jefferson, supra,* is a search and seizure case and because there is no illegally obtained evidence to be suppressed, the court is tempted to say that we can sustain the motion of the defendant, and, there being no evidence seized pursuant to the unlawful arrest, there is no harm to the defendant.

In fairness to this defendant, however, the court feels compelled to take this motion one step further and examine the issue of whether or not this defendant had a right to resist an unlawful arrest.

Virginia has recognized "the traditional common law rule that a person may resist an unlawful arrest by the use of reasonable force." *Foote v. Commonwealth,* 11 Va. App. 61, 69, 396 S.E.2d 851 (1990). A review of the more recent case usually finds the issue being decided on whether the arrest was lawful or whether the amount of force used to resist was reasonable under the circumstances. Because we have determined that under *Jefferson, supra,* this warrantless arrest was improper, we shall limit this consideration to whether the actions of the defendant were unreasonable. Stated another way, could he have refused to comply with the demands that he submit to the authority of the officers by using less force.

The reported cases allow a wide range of what constitutes "reasonable force" as one would expect. For example, *Woodson v. Commonwealth,* 245 Va. 401, 429 S.E.2d 27 (1993), arming with a gun to avoid police questioning was unreasonable; *Foote v. Commonwealth, supra,* use of deadly force was reasonable when confronted with deadly force.

In our case, the defendant refused the officers initial invitation to come out of his residence. When he refused, the defendant tried to hold the screen door shut. Failing this, he then pushed Officer McNett away and tried to close his door. The court can find nothing unreasonable about the actions of the defendant in resisting the unlawful arrest. This being the resolution of this issue, the assault on the officers did not constitute a violation of the statute and the indictment is dismissed.

As an aside, this opinion should not constitute a wholesale condonation by the court of the defendant's conduct. He is reminded that he was found guilty after he was arrested on the original charge that brought the officers to the scene. He would have avoided a great deal of personal inconvenience, including some considerable time in jail, if he had simply obeyed the officers and gone peacefully. But for a constitutional issue of limited application, he would be facing a minimum of twelve months in jail.

For the officers, this case is more difficult to apply in the real world of the streets. As I have observed on a number of occasions, a warrant solves a lot of potential problems. This case can only point out that sometimes, the lack of a warrant can cause a problem. Perhaps even more difficult is the fact that a slightly different set of facts may well have resulted in a different result.

Finally, the court would suggest that the lawyers be better prepared to make the arguments that apply. The court had mixed feelings about whether it should raise the issue of the right of the defendant to resist an unlawful arrest. It did so only because it was of the opinion that the issue was related to a constitutional argument and fundamental fairness dictated this action.