## CIRCUIT COURT OF SCOTT COUNTY

Commonwealth of Virginia

.v.

Lynn Allen Osborne

June 27, 2005

Case Nos. CR04-290-00, CR04-290-01

BY JUDGE JOHN C. KILGORE

Following an *ore tenus* hearing on defendant's Motion to Suppress, as well as a review of the Commonwealth's Brief in Opposition and the authorities submitted by the parties, the Court makes the following finding of fact and conclusions of law.

On July 24, 2004, Magistrate R. E. Skorupa issued an arrest warrant for one Lynn Allen Osborne. The warrant, alleging misdemeanor sexual battery, appears to be complete and sufficient in all respects with the notable exception of the failure of the magistrate to sign the warrant. After receiving the arrest warrant, law enforcement officers proceeded to the defendant's residence to execute the warrant and arrest the defendant. Upon their arrival at his residence, the officers were confronted with the defendant's wife allegedly stating, "I told you what would happen if you ever came back on my property." The defendant then allegedly reached into his pocket several times, contrary to the officers' commands. While attempting to arrest the defendant, Scott County Sheriff's Department Deputy Bill White testified that he saw that the defendant was attempting to remove a handgun from his pocket, but that the gun repeatedly snagged on defendant's pants preventing defendant from

completely removing the gun from his pocket. Following a scuffle, the defendant was arrested on the misdemeanor warrant and subsequently charged with carrying a concealed weapon, based upon the officer's observations of defendant's actions in response to the arrest.

On July 26, 2004, it was discovered that the initial arrest warrant alleging misdemeanor sexual battery was lacking the magistrate's signature. A new arrest warrant alleging sexual battery was then issued and served as a summons on the defendant.

A *nolle prosequi* was subsequently entered on the charge of carrying a concealed weapon, and the defendant was directly indicted on charges of recklessly handling a firearm and attempted malicious wounding.

Defendant now moves to suppress the handgun seized during his initial arrest, as well as any statements made by the defendant in the course of or following his arrest, on the grounds that the arrest and search were unlawful due to the insufficiency of the warrant and amount to a violation of his right to be free from unreasonable search and seizure guaranteed by the Fourth Amendment to the United States Constitution and Article 1, Section 10, of the Constitution of Virginia. Defendant, therefore, seeks suppression of the evidence obtained during and following his arrest pursuant to the Exclusionary Rule.

The Court denies defendant's motion to suppress.

In order for the Exclusionary Rule to apply, a defendant must first demonstrate that a state actor engaged in activity that was not just unlawful, but violated a constitutional right. The exclusion of otherwise competent evidence of guilt of a crime is a drastic remedy reserved only for those situations in which the rights the defendant claims to have been violated rise to a constitutional dimension. See *Horne v. Commonwealth*, 230 Va. 512 (1986); and *Penn v. Commonwealth*, 13 Va. App. 399 (1991). Assuming *arguendo* that the lack of a signature on an otherwise valid warrant rendered the arrest unlawful pursuant to Virginia Code § 19.2-81, the facts of this case fail to set forth a violation of the defendant's rights under the Fourth Amendment to the United States Constitution.

Additionally, application of the Exclusionary Rule in this case would be contrary to the rationale justifying the remedy. The purpose of the Exclusionary Rule is to deter law enforcement officers from engaging in unlawful conduct. *United States v. Leon*, 168 U.S. 897 (1984). The defendant, during the *ore tenus* hearing, conceded that the only objectionable conduct of the law enforcement officers in this case was the failure to notice that the otherwise valid and complete warrant lacked the signature of the magistrate. If any, criticism would center on the officers' negligence in failing to detect the

oversight of the magistrate issuing an unsigned warrant. An unintentional, inadvertent oversight by the officers of this nature cannot support an application of the Exclusionary Rule to suppress the evidence seized during the arrest nor the statements of the defendant.

Finally, the evidence defendant seeks to suppress in this motion is evidence of alleged criminal activity of the defendant in response to the officers' attempt to execute the original arrest warrant. The Exclusionary Rule does not extend to shield a defendant from prosecution for "new" criminal actions in response to questionable or illegal conduct of law enforcement. Suppression of evidence of defendant's actions in allegedly attempting to draw a handgun, and his statements accompanying such actions, would be incompatible with both the scope and purpose of the Exclusionary Rule.

It is therefore adjudged, ordered, and decreed that defendant's motion to suppress is denied, and this matter is set for trial on the merits on July 6, 2005.